ENNIS W. MARTIN *v*. SASGEN DERRICK COMPANY ET AL.

SUPERIOR COURT FAIRFIELD COUNTY AT BRIDGEPORT FILE No. 111450

Memorandum filed November 16, 1960

*Samuel Reich* and *John F. McGowan,* both of Bridgeport, for the plaintiff.

*Coles & O'Connell* and *Pullman, Comley, Bradley & Reeves,* both of Bridgeport, for the defendants.

SHAPIRO, J. This action arises out of an accident which took place on or about May 28, 1959, in Fairfield, Connecticut. The plaintiff, an employee of a Bridgeport contractor, is suing the seller of an elevator as well as the manufacturer, Sasgen Derrick Company, the moving party in this motion. Sasgen is a foreign corporation with its principal place of business in Chicago, Illinois, and is alleged to be "transacting business in the state of Connecticut." Suit was commenced by service on the secretary of the state, admittedly pursuant to Public Acts 1959,

No. 634 (General Statutes § 52-59a), which took effect on October 1, 1959. The sole question on this motion is whether this statute can be applied retrospectively to a cause of action which arose before the statute took effect.

The plaintiff admits that service was made under the provisions of the aforesaid statute. However, it is his claim that the date of the tort would have no bearing on this statute; that this statute does not establish substantive rights but merely provides a remedy in this state for a person to exercise the right which may have accrued to him; and that the transacting of business by this defendant corporation at any time after the passage of the statute would make it amenable to service in Connecticut.

It cannot be argued but that prior to October 1, 1959, this plaintiff, in order to sue this defendant under the herein situation, would have had to go to the Illinois state courts or the federal court unless service could have been had here under the limitations of our prior existing law. Clearly, this 1959 statute opened the door to a remedy of suit in Connecticut against certain foreign corporations where, under prior law and under these circumstances, none existed.

"A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of

statutes. . . . However, [even] statutes . . . relating to procedure are not necessarily retrospective in their operation. Such acts are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to . . . disturb vested rights, and in such case will not be given a retrospective operation unless there is some language in the statute indicating such a legislative intent." 50 Am. Jur. 505, § 482. A statute which operates upon acts and transactions which have not occurred when the statute takes effect, that is, which regulates the future, is a prospective statute. On the other hand, a retrospective or retroactive law is one which takes away or impairs vested rights acquired under existing laws, or creates new obligations and imposes new duties, or attaches new disabilities in respect of transactions already past. Crawford, Construction of Statutes § 77.

Laws are to be interpreted as operating prospectively and considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. *Massa* v. *Mastri,* 125 Conn. 144, 146; *Bridgeport* v. *Greenwich,* 116 Conn. 537, 543. However, where before the statute there was no remedy whatever, the exception to the rule that statutes operate prospectively only, in the absence of a clear expression of contrary purpose, which is made where the statute changes a form of remedy, does not apply. *Shielcrawt* v. *Moffett,* 294 N.Y. 180, 188. Where a statute may greatly affect the position of the parties, it will not be construed retrospectively. *Demarest* v. *Zoning Commission,* 134 Conn. 572, 575. A statute gave to New York courts jurisdiction to hear actions for injuries to foreign realty. It was held to affect substantive rights, the court holding that "[t]o supply a remedy where previously there was none of any

kind, is to create a right of action." *Jacobus* v. *Colgate,* 217 N.Y. 235, 240.

It seems to the court that with the situation at hand we are not dealing with a procedural matter. The right given under the statute is a fundamental one. It is a substantive right. It must be and is hereby construed as operating prospectively.

The motion to dismiss is treated as one to erase. *Ragali* v. *Holmes,* 111 Conn. 663, 664. A motion to erase is limited to defects apparent on the record. *Felletter* v. *Thompson,* 133 Conn. 277, 279. If the defect is apparent on the record, it may be raised by a motion "to erase." *Michelin* v. *MacDonald,* 114 Conn. 582, 583. It is apparent from the record that the statute in question cannot apply retrospectively to a claimed "cause of action" which arose before the statute became effective.

For the reasons given, the motion to dismiss is granted.