Robert J. ROHRLACK et al., Plaintiffs,

v.

Timothy R. GOFF, Defendant and Third-Party Plaintiff,

v.

Earl J. TAYLOR

and

The District of Columbia, Third-Party Defendants.

Civ. A. No. 2279-60.

United States District Court
District of Columbia.

June 30, 1961.

David M. Wortman, Sures & Wortman, Washington, D. C., for plaintiff.

Francis L. Casey, Jr., Paul R. Connolly, Jr., Hogan & Hartson, Washington, D. C., for defendant and third-party plaintiff.

Chester H. Gray, Corp. Counsel, John A. Earnest, William F. Patten, Asst. Corp. Counsels, Washington, D. C., for both third-party defendants.

YOUNGDAHL, Judge.

This is a motion by third-party defendant Taylor, a policeman, to dismiss as to him the third-party complaint heretofore filed in this action. Whether dis-

missal should be ordered depends on whether the "District of Columbia Employee Non-Liability Act"[1] applies to this suit, if so, whether that Act as so applied violates the due process clause of the Constitution, and finally, whether declaration that the Act as so applied is constitutional may be made without empaneling a three-judge court.[2]

For the purposes of this motion the following facts are conceded by the parties: On February 23, 1960, a vehicle driven by third-party defendant Taylor on a police "emergency run" within the scope of his duties as a police officer, in which vehicle plaintiff Robert J. Rohrlack was riding as a passenger, collided with a vehicle driven by defendant and third-party plaintiff Goff. On July 19, 1960, plaintiff Rohrlack and his wife instituted suit against defendant Goff. On July 28, 1960, Goff moved to implead third-party defendant Taylor, seeking contribution for any judgment which might be recovered against him in the principal lawsuit. The motion was granted, ex parte, on that day.

Meanwhile, on July 14, 1960, the President had signed into law the "District of Columbia Employee Non-Liability Act" the "effective date" of which was stated to be thirty days thereafter, or August 14, 1960. The Act, in portions here relevant, provides, first, that

"After the effective date of this Act, no civil action or proceeding shall be brought or be maintained against an employee of the District for loss of or damage to property or for personal injury, including death, resulting from the operation by such employee of any vehicle if * * * the employee was acting within the scope of his office or employment. * * * If in any civil action or proceeding pending in a court in the District * * * as of the effective date of this Act the District has not been named as a defendant, said District shall be

joined as a defendant and * * * the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof.

Second, the Act provides that the District is to be liable for the negligent acts of its employees committed by the latter within the scope of their employment, except that

"in the case of a claim arising out of the operation of an emergency vehicle on an emergency run the District shall be liable only for gross negligence."

It is thus clear that the Act meant to apply to suits like this based on accidents occurring before its effective date and instituted before that date. It is further clear that applied to the facts of this suit, as conceded for purposes of this motion, the Act bars recourse against third-party defendant Taylor for any acts of simple negligence which may have contributed to this accident and substitutes for such right of action permission to sue the District of Columbia for any grossly negligent acts of Taylor in connection with the accident.

Therefore, the question presented is whether replacing the right of action against a policeman for negligent acts committed on emergency runs with a right of action against the District for grossly negligent acts committed on such runs is an unconstitutional taking of life, liberty, or property without due process in violation of the Fifth Amendment, and whether this legislative action, when applied to events occurring before the effective date of the Act is likewise unconstitutional.

The Court holds that the statute was a reasonable exercise of the police power, and is, therefore, clearly constitutional in its prospective operation. e. g. Speert v. Morgenthau, 1940, 73 U.S.App.D.C. 70, 74, 116 F.2d 301. Immunizing policemen from liability for

1. 74 Stat. 519 (Public Law 86–654, 86th Cong., 2d Sess. 1960).

2. 28 U.S.C. §§ 2282, 2284.

**672**

acts performed within the scope of their employment permits them to carry out their tasks uninhibited by fears of personal liability and helps attract men to the force. Substituting the liability of the District therefore protects the citizenry from excesses in performance. Limiting the liability of the District for acts committed by "emergency vehicles" on "emergency runs" to acts grossly negligent is a reasonable balance by Congress of the rights of injured victims of accidents occurring during the course of such runs and the necessity that such runs, for the protection of other citizens, often be conducted with speed.

■■ Likewise, the contention that the Act is unconstitutional in its "retrospective" application to the facts presented in this case is clearly without basis. Due process prevents only such retroactive legislation as is unreasonable. Chase Securities Corp. v. Donaldson, 1940, 325 U.S. 304, 315–316, 65 S.Ct. 1137, 89 L.Ed. 1628.[3] And the fact that

positions held before enactment of legislation are adversely affected by it does not render that legislation *per se* unreasonable. Speert v. Morganthau, *supra.* Here it was clearly reasonable for Congress to substitute the District's certain ability to pay for acts committed on emergency runs for the uncertain liability and payment ability of the policeman. Moreover, there is no claim in this case that defendant-third party plaintiff's "conduct would have been different if the present rule had been known and the change foreseen." Chase Securities Corp. v. Donaldson, *supra,* 325 U.S. at page 316, 65 S.Ct. at page 1143.

■ The constitutional claims here advanced having been clearly settled by past decisions of the Supreme Court and the Court of Appeals, they are "insubstantial;" thus convening of a three-judge court to dispose of them is not required. E. g. Wyngaard v. Kennedy, D.C.Cir., 295 F.2d 184.

3. In fact, our Court of Appeals stated in the Speert case, supra, that
   "Although as a general rule vested rights cannot be impaired by retrospective legislation, this is not true in respect of regulation under the police power." [116 F.2d 305.]