**George P. BARRICK and Allied American Mutual Fire Insurance Company, a corporation, Appellants,**

**v.**

**DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

**No. 2744.**

Municipal Court of Appeals for the District of Columbia.

Argued May 15, 1961.

Decided Aug. 17, 1961.

Francis X. Quinn, Washington, D. C., with whom Collins & Anderson, Washington, D. C., was on the brief, for appellants.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal questions the constitutionality of the District of Columbia Employee Non-Liability Act.[1]

On January 18, 1959, a District of Columbia Fire Department ambulance collided with an automobile owned by appellant

1. Pub.L. No. 86–654, 86th Cong., 2d Sess., 74 Stat. 519 (July 14, 1960).

Barrick and insured by appellant Allied American Mutual Fire Insurance Company. At the time of the accident the ambulance was on an emergency run. Appellants filed a negligence suit against the driver of the ambulance on September 23, 1959.

Before trial was held Congress passed the District of Columbia Employee Non-Liability Act which became effective on August 14, 1960. Under the new statute the District of Columbia can no longer assert the defense of governmental immunity in suits brought against it for money damages arising from the negligent operation of its vehicles. The statute, however, also provides that if a claim arises "out of the operation of an emergency vehicle on an emergency run," the District is liable only for gross negligence. After the effective date of the statute no action for the negligent operation of a District vehicle can be brought or maintained against a District employee acting within the scope of his employment. Furthermore—and this is the part of the statute under heaviest attack on this appeal—the Act contained the following language:

"If in any such civil action or proceeding pending in a court in the District of Columbia as of the effective date of this Act the District has not been named as a defendant, said District shall be joined as a defendant and after its answer has been filed and subject to the provisions of the preceding sentence, the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof."

The present case came to trial on October 5, 1960, almost two months after the effective date of the D. C. Employee Non-Liability Act. At that time the defendant driver moved to substitute the District of Columbia as provided for in the Act. Over appellants' objection that they were

being deprived of a vested right to prove ordinary negligence against the driver, the trial court granted the motion, dismissed the suit against the driver, and substituted the District as the new defendant. After the pre-trial order was amended to permit appellants to allege gross negligence, the trial commenced and resulted in a directed verdict for the District of Columbia.

Appellants argue that the judgment in favor of the District of Columbia should be set aside and they be allowed to proceed with their suit against the driver of the ambulance. In the first place, they seem to contend that Congress may not constitutionally pass legislation that prospectively takes away a right of action against an employee of the District, substituting for it a new cause of action against the District itself. The Supreme Court, however, has stated that "the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221. See also Vogts v. Guerrette, 142 Colo. 527, 351 P.2d 851. By passing the D. C. Employee Non-Liability Act Congress recognized the need to resolve the conflicting interests among District of Columbia employees, the District itself, and persons injured through the negligence of District employees acting within the scope of their employment.[2] We believe that the resolution of these conflicting interests was a "permissible legislative object," and we reject appellants' argument that the D. C. Employee Non-Liability Act is unconstitutional in its prospective operation.

The second argument advanced by appellants for allowing them to proceed against the ambulance driver is a more troublesome one, for it strikes directly at the constitutionality of the retroactive application of the D. C. Employee Non-Liability Act. Appellants point out that when the accident occurred on January 18, 1959, they were

2. See S.Rep. No. 1815, 86th Cong., 2d Sess. (1960).

immediately vested with the common-law right to sue the driver and prove only ordinary negligence against him to recover damages. By passage of the Act eighteen months after the accident occurred, however, they were divested of their right to sue the driver and forced to proceed against the District in a suit that required them to prove gross negligence. That the statute gave them a cause of action against the District of Columbia, they argue, does not make the retrospective application of the Act valid. Proving that the ambulance driver was guilty of ordinary negligence was one thing; demonstrating that the accident occurred through the gross negligence of the District was an entirely different matter which effectively deprived them of any chance of recovery.

As has been often noted,[3] the presumption is that a statute will not be applied retroactively unless the legislature has clearly indicated that it should have a retrospective effect. When such a legislative intent is clear, retroactivity by itself does not make a statute invalid.[4] Indeed, vested rights sometimes may be reached by retrospective legislation that is enacted as a reasonable exercise of the police power. Speert v. Morgenthau, 73 App.D.C. 70, 74, 116 F.2d 301, 305. The general rule, however, is that "retrospective laws are unconstitutional if they disturb or destroy existing or vested rights, * * *." 16A C.J.S. Constitutional Law § 417 and cases cited therein; 2 Sutherland, Statutory Construction § 2205 (3d ed. 1943); Gillioz v. Kincannon, 213 Ark. 1010, 214 S.W.2d 212, 216.

Appellants' cause of action against the ambulance driver was a property right[5] that vested in them eighteen months before the passage of the D. C. Employee Non-Liability Act. Nevertheless, they were divested of their property right by the Act whose express terms, quoted above, made it effective in "any such civil action or proceeding pending in a court in the District of Columbia as of the effective date of this Act * * *." The mandate of the statute is so clear and unyielding that we cannot interpret it in any other way than that Congress intended it to apply retroactively as well as prospectively.[6]

We are next faced with the constitutionality of its retroactive effect on appellants' cause of action against the ambulance driver. The District of Columbia urges that the Act does not destroy a vested right because it replaces appellants' right to proceed against the District employee with a new remedy against the District.

3. See, e. g., Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747; Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, certiorari denied 341 U.S. 926, 71 S. Ct. 797, 95 L.Ed. 1358; Kindleberger v. Lincoln Nat. Bank of Washington, 81 U.S.App.D.C. 101, 155 F.2d 281, 167 A.L.R. 1011, certiorari denied 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686; 50 Am. Jur., Statutes § 478.

4. See Kahn v. Wall, D.C.Mun.App., 68 A. 2d 862, and cases cited therein.

5. "A right of action, * * *, is a vested property interest, * * *, at least 'where it comes into existence under common-law principles, and is not given by statute as a mere penalty or without equitable basis.'" Massa v. Nastri, 125 Conn. 144, 3 A.2d 839, 840, 120 A.L.R. 939. See also Devlin v. Morse, 254 Mich. 113, 235 N.W. 812, 813.

6. There is dictum to the effect that when Congress plainly intends retroactive effect the courts are bound to that interpretation "unless to do so would result in a clear infraction of a constitutional provision." Kindleberger v. Lincoln National Bank of Washington, 81 U.S.App.D.C. 101, 106, 155 F.2d 281, 286, 167 A.L.R. 1011. But see 82 C.J.S. Statutes § 414, p. 990. However, to interpret the D. C. Employee Non-Liability Act in a prospective manner only would distort the clear significance of its words. The Act is not written in a way that allows this court to deny that it was intended to be retroactive, as has been done by other courts with other statutes. See, e. g., Guerra De Chapa v. Allen, D.C.S.D.Tex., 119 F. Supp. 129; Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1325.

We cannot agree. There might be some merit to the government's argument if the Act merely affected remedies or procedure. See Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628; Hammack v. Monroe Street Lumber Company, 54 Wash.2d 224, 339 P.2d 684; Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686; 50 Am.Jur., Statutes § 482. But the Act does more than that. As was said by the court in Weil v. Taxicabs of Cincinnati, 139 Ohio St. 198, 39 N.E.2d 148, 151, "If the statute created a right to compensation which did not theretofore exist, it was dealing with a new substantive right, and the fact that the legislation has the effect of extinguishing one type of right and creating another in lieu thereof, does not make it remedial legislation as to the rights involved." See also Field v. Witt Tire Co. of Atlanta, Ga., 2 Cir., 200 F.2d 74; Martin v. Sasgen Derrick Company, 22 Conn.Sup. 219, 166 A.2d 862; Michaud v. Fitzryk, 148 Conn. 447, 171 A.2d 397.

As the effect of the D. C. Employee Non-Liability Act is to retroactively divest appellants of their common-law right of action to recover against the ambulance driver on proof of ordinary negligence and allows recovery against the District of Columbia only on proof of gross negligence, we are forced to declare that the Act in its application to the facts of this case results in an unconstitutional deprivation of appellants' property right.[7] Our holding has no application to the retroactive effect of the Act in cases which do not arise "out of the operation of an emergency vehicle on an emergency run," for in such cases the standard of care required of the District of Columbia remains the same as that of its employees.

The judgment of the trial court is reversed, and it is ordered that appellants be given leave to proceed in their original suit against the ambulance driver.

7. Our ruling is in direct conflict with the memorandum opinion of Judge Youngdahl in Rohrlack v. Goff, D.C.D.C., 197 F. Supp. 670, which was filed on June 30, 1961. We are unable to agree with the conclusion reached in that opinion.