**Robert Lewis GIBBS, Appellant,**

v.

**DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

**No. 2937.**

Municipal Court of Appeals for the District of Columbia.

Argued April 9, 1962.

Decided May 11, 1962.

John L. Schroeder, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant seeks reversal of judgment on jury verdicts against him in favor of the District of Columbia for damages to a police vehicle and upon his counterclaim for damages to his automobile in a collision between the two vehicles in question.

It clearly appears from the record that the trial judge, in granting prayers for in-

1. Code (1961) § 40–302.

structions to the jury and in his subsequent charge to the jury, retroactively applied provisions of the District of Columbia Employee Non-Liability Act[1] which provides, among other things, for waiver of governmental immunity and makes the District of Columbia liable, in the case of an emergency vehicle, only for *gross* negligence. This statute was enacted some five months after the accident, and we hold its provisions inapplicable to the instant case on the rationale of Barrick v. District of Columbia, D.C.Mun.App., 173 A.2d 372, affirmed April 27, 1962, D.C.Cir., 302 F.2d 927.

In view of the substantial error in charging the jury, the judgment below must be reversed and the case remanded for a new trial based upon the applicable law at the time of the accident in February, 1960.

Reversed with directions to grant a new trial.

1. Code (1961) § 1–921 et seq.