**Mildred L. VAN VOORHIS**
and
**John H. Van Voorhis, Plaintiffs,**
v.
**DISTRICT OF COLUMBIA, a municipal corporation, Defendant.**
Civ. A. No. 2973-61.

United States District Court
District of Columbia.
Jan. 8, 1965.

Justin L. Edgerton, Washington, D. C., for plaintiffs.

Chester H. Gray, Corp. Counsel for District of Columbia, John A. Earnest and William F. Patten, Asst. Corp. Counsel for District of Columbia, for defendant.

CURRAN, District Judge.

The District of Columbia has filed a motion to dismiss based on the defense that the operation of its Fire Department is a governmental function, which renders it immune from tort liability.

Plaintiffs oppose this motion on the ground that the District of Columbia Employee Non-Liability Act and the statutory provisions therein deny to the defendant the defense of governmental immunity.

The basic facts are that on January 22, 1960, plaintiff Mildred L. Van Voorhis was injured in an automobile accident which occurred at the intersection of Michigan and South Dakota Avenues, N.E., in the District of Columbia. The automobile which she was operating came in collision with a Fire Department truck owned by the District of Columbia, which was operating as an emergency vehicle in response to a fire alarm. Plaintiff John H. Van Voorhis is Mildred's husband and sues for loss of consortium.

On September 8, 1961, plaintiffs filed the instant lawsuit alleging that the suit was filed pursuant to the provisions of "The District of Columbia Employee Non-Liability Act", Public Law 86–654, 74 Stat. 519, approved by the 86th Congress on July 14, 1960, effective thirty days later, August 14, 1960, which Act is to be found in Section 1–921 et seq., D.C. Code, 1961 Edition.

Since the Court finds that the defense of governmental immunity would be dispositive of this case in the absence of the District of Columbia Employee Non-Liability Act, the central question then is whether or not this Act or the law that existed at the time of the accident, namely, January 22, 1960, determines the legal responsibilities of the parties in this lawsuit.

It is the plaintiffs' contention that the Act was intended by Congress to have a retroactive effect and was intended to apply not only to all civil actions seeking to recover money damages instituted after the effective date, August 14, 1960, but also to suits pending against the District and its employees on the effective date of the Act. This contention is rested on Sec. 6 of the Act which provides:

"After the effective date of this Act, no civil action or proceeding shall be brought or be maintained against

an employee of the District for loss of or damage to property or for personal injury, including death, resulting from the operation by such employee of any vehicle if it be alleged in the complaint or develop in a later stage of the proceeding that the employee was acting within the scope of his office or employment, unless the District shall, in an action brought against it for such damage or injury, including death, specifically deny liability on the ground that the employee was not, at the time and place alleged, acting within the scope of his office or employment. If in any such civil action or proceeding pending in a court in the District of Columbia as of the effective date of this Act the District has not been named as a defendant, said District shall be joined as a defendant and after its answer has been filed and subject to the provisions of the preceding sentence, the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof."

It is the defendant's contention that, according to the Barrick [1] and Gibbs [2] cases decided by the Municipal Court of Appeals for the District of Columbia, now the District of Columbia Court of Appeals, this Act cannot be applied retroactively to accidents arising out of the operation of an emergency vehicle on an emergency run.

This Court, however, sees nothing inconsistent in the Barrick and Gibbs cases with the position taken by the plaintiff here. In the Barrick case, the owner of a parked car was struck by an ambulance owned by the District of Columbia. Barrick, the owner of the car, then sued Swenson, the driver of the ambulance, in the Municipal Court, now the District of Columbia Court of General Sessions, to recover for the damages done. From an adverse judgment, Barrick and his insurer appealed, pointing out:

" * * * that when the accident occurred on January 18, 1959, they were immediately vested with the common-law right to sue the driver and prove only ordinary negligence against him to recover damages. By passage of the Act eighteen months after the accident occurred, however, they were divested of their right to sue the driver and forced to proceed against the District in a suit that required them to prove gross negligence." Barrick et al. v. District of Columbia, supra, 173 A.2d p. 375.

Judge Hood, writing for the Court held, "As the effect of the D.C. Employee Non-Liability Act is to retroactively divest appellants of their common-law right of action to recover against the ambulance driver on proof of ordinary negligence and allows recovery against the District of Columbia only on proof of gross negligence, we are forced to declare that the Act *in its application to the facts of this case* results in an unconstitutional deprivation of appellants' property right." (Emphasis supplied)

Gibbs was decided on the same rationale as Barrick. In that case, too, the statute was enacted after the accident (five months) and to apply it retroactively would have deprived the plaintiff of a vested right.

Barrick and Gibbs hold only that Sec. 3 and Sec. 6 do not apply to accidents occurring before the effective date of the Act, insofar as they require a plaintiff not to sue the District employee, and limits his right to recover against the District only for gross negligence in the operation of an emergency vehicle on an emergency run.

1. Barrick and Allied American Mutual Fire Insurance Company v. District of Columbia, 173 A.2d 372, decided Aug. 17, 1961, affirmed 112 U.S.App.D.C. 342, 302 F.2d 927, decided April 27, 1962, affirmed on the basis of the opinion written by Hood, J., of the Municipal Court of Appeals.

2. Gibbs v. District of Columbia, 180 A.2d 891, decided in the Municipal Court of Appeals for the District of Columbia on May 11, 1962.

This statute is too clear to interpret it in any other way than that Congress intended it to apply retroactively as well as prospectively. Since retroactivity by itself does not make a statute invalid, it should be applied retroactively unless to do so would be unconstitutional.

In the present suit, retroactive application would not unconstitutionally deprive the plaintiffs of a vested right because their cause of action is not against the driver of the fire truck, but against the District of Columbia.

The Constitution does not forbid the creation of new rights to attain a permissible legislative intent,[3] and this new right the plaintiffs have chosen to use in this action.

It is ordered that the motion to dismiss be and hereby is denied.

3. Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221.