## ROBERT S. CARVETTE *v.* MARION POWER SHOVEL COMPANY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 3—decided October 23, 1968

*Sidney Vogel,* for the appellant (plaintiff).

*John F. Lambert,* for the appellee (defendant).

KING, C. J. The defendant is an Ohio corporation, located in Marion, in that state. It has not qualified to do business in Connecticut. At Darien, Connecticut, on May 4, 1960, it entered into a contract with the plaintiff, a resident and domiciliary of Connecticut, for the purchase by the plaintiff of a used backhoe under a time-payment plan. Soon thereafter, the defendant made delivery of the backhoe in Connecticut. This action is in essence one for breach of the contract, based on the defendant's claimed failure to remedy defects in the backhoe. It was stipulated that the entire controversy between the plaintiff and the defendant is based on occurrences beginning on May 4, 1960, and ending prior to December 31, 1960.

Service was made on the defendant pursuant to the "long-arm" statute (General Statutes [Rev. to 1962] § 33-411) by service on the Connecticut secretary of the state on January 31, 1964, and no claim is made that the service did not conform to the terms of the statute, if the statute was properly applicable. The defendant appeared specially and, after a number of preliminary maneuvers, finally succeeded in getting the action dismissed for lack of in personam jurisdiction.

From that judgment, the plaintiff has appealed, and the sole question on the appeal is whether

§ 33-411 of the General Statutes (Rev. to 1962) applies retroactively to a right of action which, as admittedly was the case here, had completely matured prior to January 1, 1961, which the parties agree was the effective date of the "long-arm" statute.[1] The relevant portions of subsection (c) and (d) of § 33-411 are set forth in the footnote.[2]

---

[1] General Statutes § 33-411, revised to 1962, had its origin as § 129 of No. 618 of the Public Acts of 1959, as amended in a manner irrelevant to this controversy by §§ 90 and 91 of No. 327 of the Public Acts of 1961. The 1959 act was an extensive revision of the law relating to stock corporations. Under § 138 of the 1959 act, that act became effective January 1, 1961, and subsequent amendments in 1965 and 1967 are not claimed to be material. Therefore, as far as this case is concerned, the controlling statute may be treated as § 33-411, as it appears in the 1962 revised bound-volume of the General Statutes.

[2] "Sec. 33-411.   SERVICE OF PROCESS ON FOREIGN CORPORATION. . . . (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:   (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

"(d) In any action brought under subsection (b) or (c) of this section . . . the secretary of the state shall be deemed the agent and attorney of the corporation in this state and service of process on such corporation shall be made as provided in subsection (a) of this section, except that the secretary of the state shall address the copy thereof to the corporation at its office as shown in the official registry of the state of its incorporation, which address shall be set forth in the writ or other process."

The defendant does not claim that our "long-arm" statute, even if retroactively applied, would be unconstitutional. Indeed, the more recent decisions of the United States Supreme Court give no justification for such a claim since the defendant's contacts with Connecticut in entering into the contract, and in delivering the backhoe, in Connecticut were much more than "minimum" from any point of view and since there is nothing unfair or unjust in requiring the defendant to come to Connecticut to defend against a cause of action based on a claimed breach of the contract made in Connecticut and pursuant to which the backhoe was delivered in Connecticut. *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 222, 78 S. Ct. 199, 2 L. Ed. 2d 223. Indeed, the parties admitted in argument that the present defendant replevied the backhoe from the present plaintiff, for failure to make payments as called for in the contract, in a separate, prior, action in the very Connecticut court in which the instant action is pending. Recent cases on the requirements of due process in obtaining in personam jurisdiction over nonresident foreign corporations are collected in an annotation in 2 L. Ed. 2d 1664, 1665 § 2 and 1668 § 4.

General Statutes § 33-411 contains no express provision that it apply, or not apply, to past transactions such as we are concerned with here.

It is, however, in essence a procedural statute. The defendant's obligations under its contract and the outcome of the plaintiff's suit are wholly unaffected by the statute. At most, the statute exhausts itself in permitting the plaintiff to obtain an effective in personam judgment against the defendant in Connecticut instead of his having to go to Ohio for the institution of this suit.

Since the statute is in general terms and is purely

procedural, it would ordinarily be construed as applicable to rights of action even though existing and matured at the time of its effective date. *Schurgast* v. *Schumann,* 156 Conn. 471, 487, 242 A.2d 695; *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632. But the search for legislative intent as to retroactive application may not in all instances stop with the determination that a statute concerns procedure alone.

In other words, our test of whether a procedural statute is to be applied retroactively, absent any specific provision in the statute on the point, is not a purely mechanical one. Even if the statute is procedural, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. *Lavieri* v. *Ulysses,* supra; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525.

Here, as already pointed out, the only effect of the statute on the defendant is to make it subject to suit in Connecticut by a resident of Connecticut on a transaction nearly every aspect of which, except the residence of the defendant, was in Connecticut. We see no injustice in the retroactive application of this procedural statute. Indeed, we think good sense demands such an application for the protection of our own residents. See *Dorr-Oliver, Inc.* v. *Willett Associates,* 153 Conn. 588, 594, 219 A.2d 718.

Although the right of action was in existence on the effective date of the statute, no action was then pending. Therefore, the provision of General Statutes § 1-1, upon which the defendant relies, that "[t]he passage or repeal of an act shall not affect any action then pending" has no application. See *Neilson* v. *Perkins,* 86 Conn. 425, 427, 85 A. 686.

The defendant also places reliance on General

Statutes § 55-3, which provides that "[n]o provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." The obligations referred to in the statutes are obviously those of substantive law. *Toletti* v. *Bidizcki,* 118 Conn. 531, 536, 173 A. 223. For the reasons previously pointed out, § 33-411 imposes no new or additional obligation of substantive law on the defendant. The statute merely provides for the in personam service of process on the defendant in Connecticut. While in a sense this could be termed a "new obligation", just as the shift in the risk of nonpersuasion of contributory negligence in the *Toletti* case could be called a "new obligation", it was not a new obligation of substantive law and, so, is not covered by the statute relied upon.

Under the relevant provisions of subsection (c) of § 33-411, a defendant "shall be subject to suit in this state, by a resident of this state, . . . on any cause of action arising . . . (1) [o]ut of any contract made in this state . . . ." It is perfectly clear that there is nothing to indicate a legislative intent that it shall not apply to this cause of action, which arose out of the contract made in Connecticut. Indeed, it is probable that the defendant reasonably expected that the backhoe, after delivery in Connecticut, would be used in that state, although the parties failed clearly to stipulate as to this fact or that the backhoe in fact was used here so as also to bring this action within the provisions of subdivision (3) of subsection (c).

Subsection (d) merely sets forth the procedure by which the right of suit conferred by subsection (c) may be utilized and provides that our secretary

of the state "shall be deemed the agent and attorney of the corporation in this state" for the service of process under the statute and makes provision for the giving of timely notice to the defendant of such service. The sufficiency and timeliness of the notice provisions are quite properly not challenged by the defendant.

So-called "long-arm" statutes of the general type of § 33-411 have been rather recently enacted in a large number of states. Cases in which they have been construed as retroactively applicable to rights of action which had matured prior to their effective date are collected in a recent annotation in 19 A.L.R.3d 138. The decisions are not altogether uniform, as might be expected, since the wording of the statutes differs. Some statutes, however, clearly provide that the performance of certain acts, or the engaging in transactions, by the foreign corporation within the state is to be deemed an "implied consent" to the appointment of the local designated officer as its agent for the purpose of service of process. These statutes are often held prospective in operation under the theory that it is impossible retroactively to imply consent. Note, 19 A.L.R.3d 138, 142 § 2, 156 § 4 (b). Our statute is, however, clearly not of that character. It provides in subsection (c), previously quoted, that a defendant, under the circumstances therein enumerated, "shall be subject to suit in this state". This is clearly not an "implied consent" type of statute. We find nothing to indicate any legislative intent that the statute shall not operate retroactively under the circumstances of this case. Nor do we find that so to construe it would work any hardship or injustice on the defendant. To the extent that *Nevins* v. *Revlon, Inc.,* 23 Conn. Sup. 314, 182 A.2d 634, and *Martin* v.

*Sasgen Derrick Co.,* 22 Conn. Sup. 219, 166 A.2d 862, hold to the contrary, they are not controlling precedents. Cases in accord with the result we reach here may be found in the annotation in 19 A.L.R.3d 138, 146 § 4. See also 36 Am. Jur. 2d, Foreign Corporations, §§ 365, 366, 368.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.