[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have filed this motion to dissolve or modify a prejudgment attachment in the amount of $1,980,000.00 which was granted without a hearing to determine if probable cause exists to sustain the validity of the claim.
The defendant Fitzpatrick is a guarantor on a note to the CT Page 9452 plaintiff which is in default, and the plaintiff has filed a foreclosure action on the property mortgaged in the Litchfield Judicial District court and that action is pending in that court. The plaintiff has also commenced this action in Waterbury Judicial District court seeking to recover from the defendants for fraudulently conveying property to avoid the plaintiff's claim, and it has attached property which is not security for the mortgage being foreclosed in the Litchfield court.
The defendants contend the prejudgment attachments were improper without either an affidavit or testimony and plaintiffs reliance on Section 52-278 of the Connecticut General Statutes were erroneous because Public Act 91-315 amended the statute to require an affidavit and review by the court prior to an exparte attachment of property in an action returned to court after July 1, 1991. Since the attachments were made in this action which was returned to court on July 9, 1991, the defendants argue that pursuant to Public Act 91-315 the motion to dissolve should be granted.
Public Act 91-315 which took effect July 1, 1991 amended Section 52-278 of the Connecticut General Statutes to require "The plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause to sustain the validity of the plaintiff's claim". This act made substantial changes in the law and the issue for this court is whether it should be applied retroactively to attachments made in June 1991 and then have the action returned to court on July 9, 1991 eight days after the effective date of the act.
A statute "affecting substantial changes in the law" is not to be given a retrospective effect unless it clearly and unequivocally appears that such was the legislative intent. State ex rel. Rundbaken v. Watrous, 135 Conn. 638, 648, 68 A.2d 289
(1949); New Haven v. Public Utilities Commission, 165 Conn. 687,726, 345 A.2d 563 (1974). The test of whether a statute is to be applied retroactively, absent an express legislative intent, "is not a purely mechanical one" and even if it is a procedural statute, which ordinarily will be applied retroactively without a legislative imperative to the contrary, "it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. Lavieri v. Ulysses . . . [149 Conn. 396,401, 180 A.2d 632 (1962)]; E.M. Loew's Enterprises, Inc. v. International Alliance, 127 Conn. 415, 418, 17 A.2d 525 [1941]." Carvette v. Marion Power Shovel Co., 157 Conn. 92, 96, 249 A.2d 58
[1968]; Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 196,286 A.2d 308 [1971]. These aids to legislative interpretation apply with equal force to amendatory acts which effectuate changes in existing statutes. See Lavieri v. Ulysses, 149 Conn. 396, 402, CT Page 9453 403, 180 A.2d 632 [1962]; A Sutherland, Statutory Construction (4th Ed.) Section 22.36.
The defendants also contend the foreclosure action commenced in Litchfield bars the plaintiff from constituting this action because until a deficiency is established in the foreclosure action, it is premature to attach property in anticipation of a deficiency judgment, and therefore Section 49-1 of the Connecticut General Statutes bars this action while the foreclosure action is pending.
This case was brought to set aside transfers of real estate by the defendant Paul Fitzgerald which are alleged to be fraudulent conveyances. The plaintiff seeks this relief because the properties could be applied to satisfy a deficiency judgment that might arise out of a mortgage foreclosure action pending in Litchfield Superior Court. On September 30, 1991 a judgment of strict foreclosure was entered in that action and the value of the property was found to be $1,205,000.00, and the debt $2,877,073.38. In anticipation of a deficiency, the plaintiff filed this present action to set aside alleged fraudulent conveyances.
This action was commenced pursuant to Section 52-278 of the Connecticut General Statutes which provided that in an action upon a commercial transaction wherein the defendant has waived his right of notice and hearing "the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order. . ."
Section 52-279 provides "Attachments may be granted upon all complaints containing a money demand against the estate of the defendant. . ." This court concludes this action for a fraudulent conveyance is sufficiently different from the foreclosure action instituted in Litchfield and the attachments are permissible under the language of the above statute. Section 49-1 of the Connecticut General Statutes does not bar this action because of the pending foreclosure in a different venue.
This court finds that Public Act 91-315 does not apply retroactively to bar these attachments, and further for the forgoing reason the motion to dissolve the prejudgment attachments is denied.
ZOARSKI, J.