[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, Citytrust, filed a three-count complaint on May 17, 1991 against the defendants Nathan and Patricia Shippee. In its first count the plaintiff alleges that Nathan Shippee defaulted on a promissory note held by the plaintiff in the amount of $800,000 and, after demand, has neglected to pay the plaintiff.
The second count is also against Nathan Shippee in which the plaintiff alleges that Nathan Shippee has fraudulently conveyed his interest in a certain piece of real estate; 16 Sandpiper Point Road, in Old Lyme, Connecticut, to his wife Patricia M. Shippee. The plaintiff's third count is against Patricia M. Shippee which also sounds in fraudulent conveyance.
Both defendants answered the plaintiff's complaint. Thereafter, on August 12, 1993, the defendant Patricia Shippee filed a motion for summary judgment and an accompanying memorandum of law. On August 18, 1993, the defendant Nathan Shippee also filed a motion for summary judgment and an accompanying memorandum of law. In their motions, both defendants assert that they are entitled to judgment as a matter of law because General Statutes 49-1 bars the plaintiff's action. The plaintiff submitted memoranda in CT Page 10881 opposition to both defendants' motions.
The plaintiff thereafter filed a request to amend the complaint on September 13, 1993. The plaintiff proposes to add the following two paragraphs to the first count of its complaint:
 7) The plaintiff has foreclosed a certain mortgage executed and delivered by defendant Nathan M. Shippee to secure the note in a certain action entitled Federal Deposit Insurance Corporation v. Nathan M. Shippee a/k/a Nathan M. Shippee d/b/a Hatchetts Hill Ridge, Inc. (CV-90-0128017 s).
 8) On information and belief, the defendant Nathan M. Shippee will be liable to the plaintiff for a deficiency judgment with respect to the indebtedness represented by said note.
Both defendants filed timely objections to the plaintiff's request to amend.
Discussion
A party is entitled to summary judgment if he proves the non-existence of an issue of material fact and that he is entitled to judgment as a matter of law. Practice Book 384.
"The law is well-settled that belated amendments to the pleadings rest in the sound discretion of the trial court. Practice Book 176." (Further citation omitted.) Conference Center Ltd. v. TRC, 189 Conn. 212, 216, 455 A.2d 857 (1983). A court has discretion to allow amendments submitted in response to a motion for summary judgment. Id., 216-217.
The court hereby overrules the defendants' objections and grants the plaintiff's request to amend its complaint to add two paragraphs to its first count.
The defendants argue, in their memoranda of law in support of their motions for summary judgment, that the plaintiff's action is barred by General Statutes 49-1 which reads, in relevant part as follows:
The foreclosure of a mortgage shall be a bar to any CT Page 10882 further action upon the mortgage debt, note or obligation against the person or persons liable for the payment thereof who are made parties to such foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of such foreclosure; . . . ."
The defendants argue that because the plaintiff had elected to bring a foreclosure action against the defendant Nathan Shippee, the plaintiff's sole remaining remedy is a deficiency action. It should be noted that the property which is the subject of the present fraudulent conveyance action is not the same property which was foreclosed by the plaintiff.
General Statutes 49-18 provides that a mortgagee may obtain a deficiency judgment after foreclosure of the mortgage. Furthermore, a foreclosing plaintiff may seek a prejudgment remedy to secure its anticipated deficiency. People's Bank v. Bilmor Building Corporation, 28 Conn. App. 809,614 A.2d 456 (1992).
The plaintiff's action to set aside an allegedly fraudulent conveyance is not a further action on the underlying debt which has been foreclosed by the plaintiff, but is an action to ensure payment of the anticipated deficiency judgment. See Centerbank v. Fitzpatrick, 7 CSCR 29
(November 14, 1991, Zoarski, J.) As such, General Statutes49-1 does not bar the plaintiff's action and the defendants' motions for summary judgment are hereby denied.
Hurley, J.