**CRI LIQUIDATING REIT, INC., as successor in interest to CRIIMI III Limited Partnership, Plaintiff,**

v.

**A.F. EVANS COMPANY, INC., General Partner, William McClure, General Partner and Quintin McMahon, General Partner Defendants,**

and

**Santa Clara Village Green Associates limited Partnership, Nominal Defendant.**

**No. 15506.**

Court of Chancery of Delaware, New Castle County.

Submitted: July 17, 1997.
Decided: Oct. 30, 1997.

Lewis H. Lazarus and Michael A. Weidinger, of Morris, James, Hitchens & Williams, Wilmington, Delaware, and William F. Causey, Justine E. Wilcox and Louis E. Dolan, Jr., of Peabody & Brown, Washington, D.C., for Plaintiff.

M. Duncan Grant, Daniel V. Folt and Tara L. Lattomus, of Pepper, Hamilton & Scheetz, LLP, Wilmington, Delaware, for Defendants.

**OPINION**

JACOBS, Vice Chancellor.

Pending is the defendants' motion to dismiss for lack of personal jurisdiction, or, in the alternative, to dismiss Count III of the Complaint for failure to make a demand. Because the Court grants the defendants' motion to dismiss on personal jurisdiction grounds, it does not reach the demand question.

The jurisdictional issue arises against the following background: Before September 1, 1988, there was no method for obtaining personal jurisdiction over nonresident general partners of a Delaware limited partnership, other than the procedure prescribed in Delaware's general "long-arm" statute, 10 *Del.C.* § 3104. That situation changed on September 1, 1988, when 6 *Del.C.* § 17–109 became effective, and was added to the Delaware Revised Uniform Limited Partnership Act ("DRULPA")[1] five years after DRULPA was enacted. Section 17–109 pertinently provides that:

[t]he filing in the Office of the Secretary of State of a certificate of limited partnership ... by a resident or nonresident

of the State of Delaware which names such person as a general partner ... of a limited partnership constitute such person's consent to the appointment of the registered agent of the limited partnership (or, if there is none, the Secretary of State) as such person's agent upon whom service of process may be made as provided in this section.

The statute also provided that it "... shall become effective on September 1, 1988."[2]

In this case, the relevant certificate of limited partnership was filed before § 17–109 became effective. The issue presented is whether § 17–109 can be applied retroactively, with the result that service of process under that statute may be effected upon the defendant general partners in this case. Because the Court concludes that that question must be answered in the negative, and because the plaintiffs rely upon no other statute as a basis to obtain personal jurisdiction, this action must be dismissed as to the individual defendants on the ground that the Court lacks personal jurisdiction over them.

**I. *FACTS***

On October 8, 1987, A.F. Evans Company, William McClure, and Quintin McMahon (the "defendants") executed a certificate of limited partnership (the "Certificate") for Santa Clara Village Green Associates Limited Partnership, a Delaware limited partnership (the "Partnership"). The defendants recorded the Certificate with the Secretary of State of Delaware on October 14, 1987. At the time the plaintiff (which is a limited partner), filed this action in 1997, it did not attempt to effect service of process upon the defendants under Delaware's long-arm statute, but instead effected service under 6 *Del.C.* § 17–109.[3]

1. 6 *Del.C.* § 17–101, *et seq.* ...

2. 66 Del.Laws ch. 316, § 71 (1988).

3. The full text of § 17–109(a) is as follows:

A general partner or a liquidating trustee of a limited partnership may be served with process in the manner prescribed in this section in all civil actions or proceedings brought in the State of Delaware involving or relating to

## II. *ANALYSIS*

█ The plaintiffs have the burden of establishing that the Court has personal jurisdiction over the defendants.[4] As stated, 6 *Del.C.* § 17–109 did not become effective until September 1, 1988, almost one year after the defendants filed the Certificate. That fact, the plaintiff argues, is of no significance, because another provision of DRULPA, § 17–1108, states that "[a]ll provisions of this chapter may be altered from time to time or repealed and all rights of partners are subject to this reservation." Therefore, plaintiff concludes, § 17–109 is applicable.

█ This argument labors under several infirmities. First, § 17–1108 is inapplicable because § 17–109 was an entirely new statute, not an "alteration" or amendment to an already existing service of process provision. Second, even if § 17–109 was an alteration, if plaintiffs were correct, then all future amendments of DRULPA would operate retroactively. The law,

however, is that statutory amendments do not operate retroactively unless the General Assembly explicitly so provides.[5] Section 17–1108 does not constitute an explicit legislative command that all future "alterations" will operate retroactively. Third, the argument has potential due process infirmities as well. Nothing in § 17–1108, which was enacted in 1983, could have put general partners of Delaware limited partnerships on even constructive notice that the filing of a certificate of limited partnership would subject them to personal jurisdiction in Delaware.[6] That being the case, the defendants can be made subject to § 17–109 only if the General Assembly specifically provided that the statute operates retroactively, or, failing that, if the Court determines that public policy requires retroactive application.[7] Because in this case the General Assembly did not specifically provide that § 17–109 would be retroactive, for that statute to operate retrospectively, there must be strong public policy considerations that justify reaching

---

the business of the limited partnership or a violation by the general partner or the liquidating trustee of a duty to the limited partnership, or any partner of the limited partnership, whether or not the general partner or the liquidating trustee is a general partner or a liquidating trustee at the time suit is commenced. The filing in the Office of the Secretary of State of a certificate of limited partnership executed, and the execution thereof, by a resident or nonresident of the State of Delaware which names such person as a general partner or a liquidating trustee of a limited partnership constitute such person's consent to the appointment of the registered agent of the limited partnership (or, if there is none, the Secretary of State) as such person's agent upon whom service of process may be made as provided in this section. Such execution and filing shall signify the consent of such general partner or liquidating trustee that any process when so served shall be of the same legal force and validity as if served upon such general partner or liquidating trustee within the State of Delaware and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable.

4. *Newspan, Inc. v. Hearthstone Funding Corp.,* Del.Ch., C.A. No. 13304, Allen, C., Mem.Op. at 3, 1994 WL 198721 (May 10, 1994).

5. *Chrysler Corp. v. State of Delaware,* Del. Supr., 457 A.2d 345, 351 (1983) (quoting *Keller v. Wilson & Co.,* Del.Supr., 190 A. 115, 125 (1936)) ("It is a time honored principle that [the Delaware Supreme Court] 'will not infer an intention to make an act retrospective,' and that 'to give an act a retrospective operation would be contrary to well settled principles of law applicable to the construction of statutes unless it be plainly and unmistakably so provided by the statute.' ")

6. *See Shaffer v. Heitner,* 433 U.S. 186, 216, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (acceptance of a position as a corporate director or officer "does not demonstrate that appellants have 'purposely avail(ed) themselves) of the privilege of conducting activities within the forum state' in a way that would justify bringing them before a Delaware Tribunal. . . .").

7. *See In re USACafes, L.P. Litigation,* 600 A.2d 43, 50 (Del.1991) ("It is now firmly established in our law that a part of that liberty to which a person is entitled under the Fourteenth Amendment is a right not to be required to defend a lawsuit in a distant jurisdiction unless by some act one has made it fair to do so.").

that result judicially.[8] No such overriding policy considerations have been shown here.

In *Hubbard v. Hibbard Brown & Co.*,[9] the Supreme Court of Delaware held that, "Delaware courts have recognized the general principle that statutes will not be retroactively applied unless there is a clear legislative intent to do so." "[A] statutory amendment is remedial, and may be applied retroactively, when it relates to practice, procedure or remedies and does not affect substantive or vested rights."[10] In *Hibbard Brown*, the Court held that it would apply retroactively a statutory amendment that created or affected procedural rights, but not one that created or affected substantive rights.[11]

In *Eudaily v. Harmon*,[12] the Supreme Court of Delaware approved the prevailing retroactivity rule applicable to "single act" statutes,[13] namely, that such statutes do not affect any substantive rights, and therefore are procedural in nature and may be applied retroactively. But, "single act" statutes, such as 10 *Del.C.* § 3104, are treated differently from "implied consent" service of process statutes, such as § 17–109. The trial court in *Eudaily* so recognized, holding that, "[t]he distinction between 'implied consent' statutes and 'single act' statutes is a critical one, for it has been utilized to hold the latter type of statutes applicable retrospectively despite precedent requiring prospective application of implied consent statutes."[14]

The statute at issue here affects a substantive right (the assertion of personal jurisdiction), because 6 *Del.C.* § 17–109 (unlike 10 *Del.C.* § 3104) is an "implied consent" statute. "Implied consent" statutes have been deemed to be "substantive" in Delaware[15] and elsewhere.[16] Statutes

8. *See supra* note 6.

9. Del.Supr., 633 A.2d 345, 354 (1993) (reasonable changes in remedy may be retrospectively applied).

10. Norman J. Singer, Sutherland Stat. Const. § 41.09, at 399 (5th ed.1993), cited with approval in *Hibbard Brown, supra.*.

11. *See also Distefano v. Lamborn*, 81 A.2d 675, 678 (1951).

12. Del.Supr., 420 A.2d 1175, 1180 (1980) (single act statutes are procedural and not substantive in nature, and may therefore be applied retroactively). *Eudaily v. Harmon* holds that statutes that concern matters that are purely procedural in nature may be applied retroactively.

13. A "single act" statute is a type of long-arm statute that establishes jurisdiction over nonresidents on the basis of a single act done or transaction engaged in by the nonresident within the state.

14. *Id.;* The Supreme Court in *Eudaily* did not disturb that ruling on appeal. *See also Adams Dairy Co. v. National Dairy Products Corp.*, 293 F.Supp. 1135, 1148 (W.D.Mo.1968) ("There can be no doubt that a 'distinction' has been recognized between an 'implied consent' statute and a 'single act' statute and that the trend of recent cases dealing with questions of retrospective application of 'single

act' statutes have consistently utilized that distinction in order to hold that a 'single act' statute to be retrospective in application in spite of the fact that the same court may have earlier held an 'implied consent' statute to be prospective only.")

15. In *Monacelli v. Grimes*, Del.Supr., 99 A.2d 255 (1953), the Delaware Supreme Court ruled that changes to the service of process requirements in the 1953 version of 10 *Del.C.* § 3112, an implied consent statute, affected substantive rights, namely, the right to notice. Historically, other substantive rights include the business judgment rule, *Citron v. Fairchild Camera & Instrument Corp.*, Del.Supr., 569 A.2d 53, 64 (1989); *Cinerama v. Technicolor, Inc.*, 663 A.2d 1156, 1162 (1995), and the nature or amount of recovery after the establishment of tort liability, *Mayer v. Adams*, 133 A.2d 138 (1957).

16. 62B Am.Jur.2d *Process* § 176 (1990) (collecting cases that state that "implied consent" statutes have generally been held not to operate retroactively). *Also see Segars v. Gomez*, 360 F.Supp. 50, 54 (D.S.C.1972) (noting the rule against retrospective application of implied consent statutes); *Adams Dairy Co. v. National Dairy Products Corp.*, 293 F.Supp. 1135, 1148 (W.D.Mo.1968) (stating that single act statutes can be applied retroactively, but implied consent statutes can only be applied prospectively); *Carvette v. Marion Power*

of that kind are not retroactively applied because the consent is constructive, not actual. Conduct by an out-of-state resident that preceded the enactment of a service of process statute based on implied consent, cannot fairly be deemed as even constructive consent.[17]

The plaintiff urges that even a "substantive" statute may be given retroactive application where that result is supported by strong public policy.[18] In a proper case that may be so, but here the relevant public policy—overseeing the fiduciary responsibilities attendant upon those managing Delaware entities—is not sufficient to justify a retroactive statutory application that would be fundamentally unfair to defendants who had no prior notice that filing the limited partnership Certificate would subject them to personal jurisdiction in Delaware.

Lastly, the plaintiff argues that the Court has jurisdiction over the Evans Company, McClure, and McMahon, the three non-resident general partners of the Delaware limited partnership, because they "(a) executed and filed a certificate of limited partnership in Delaware; (b) accepted the benefits of acting as the general partners of a Delaware limited partnership for nearly ten years; and (c) entered into a limited partnership agreement governed by Delaware law with other Delaware entities as limited partners." [19] Had the plaintiff attempted to effect service of process under 10 *Del.C.* § 3104, Delaware's general long-arm statute, these arguments might be relevant, but they are not because here the plaintiff has proceeded only under § 17–109.

\*      \*      \*      \*      \*      \*

The General Assembly explicitly provided that the § 17–109 would become effective on September 1, 1988, and did not provide for its retroactive application. Because the Partnership's Certificate was filed before the statute's effective date, this Court lacks personal jurisdiction over the individual defendants. For this reason, the defendants' motion to dismiss is granted. **IT IS SO ORDERED.**

*Shovel Co.,* 157 Conn. 92, 249 A.2d 58, 61 (1968) (same).

**17.** *See supra* note 14.

**18.** *See supra* note 6.

**19.** Pl.'s Br. Opp'n Defs.' Mot. Dismiss at 1 (filed May 30, 1997).