BELL, ADMINISTRATOR *v.* THE UNION TRUST COMPANY OF INDIANAPOLIS, TRUSTEE, ET AL.

[No. 26,994. Filed February 1, 1938.]

*George M. Barnard, Raymond L. Walker,* and *Ira M. Sharp,* for appellants.

*Baker & Daniels, Warrack Wallace,* and *G. R. Redding,* for appellee.

FANSLER, J.—This is an appeal from a judgment on a plea in abatement involving a question of jurisdiction as between a superior court of Marion County and the probate court of Marion County. The merits of appellant's cause of action are not involved.

Henry C. Long died testate in Marion county, and his will was probated in 1901. The will provided that the residue of his estate should go to the Union Trust Company, in trust, for the purpose of paying the net income to the testator's widow, Sarah C. W. Long,

so long as she remained his widow, and that thereafter there should be established a board and organization of ten trustees for the founding and maintaining of a school or college for the higher education of women and girls to be established and maintained in the city of Indianapolis. It provided for the appointment and selection of the ten trustees, and that, when so appointed, the Union Trust Company should deliver, assign, and transfer all of the testator's estate, not otherwise disposed of by the will, to the trustees for the purposes indicated. The Union Trust Company qualified as executor, and acted as such until the approval of its final report in 1928. In 1922 Matthias L. Haines and the other trustees under the will, filed their petition in probate court against the Union Trust Company, as executor of the will of Henry C. Long, and the Union Trust Company, as trustee under the will, asking for a construction and interpretation of the will with respect to the trust created for the founding of the school referred to. The cause was tried by the court, and there was a finding and decree to the effect that it was impracticable at the time that a school be established, or that the property of the trust should pass out of the possession or control of the Union Trust Company, trustee; that the trust was a valid, subsisting and legal public charitable trust, but that it was impracticable at that time for the trustees to determine in what manner it should be carried out; that the real estate making up the corpus of the trust should be disposed of, and could be sold only by the Union Trust Company, trustee, upon the order of the Probate Court of Marion County; and that the trustee should have the right to invest and reinvest until such time as, in the judgment of the plaintiff trustees, it should be practicable to establish and maintain the school, subject to the further order of the court. Thereafter appellant filed his

exceptions to the final report of the Union Trust Company as executor, on the ground that Sarah C. W. Long was entitled to one-third of the property which was left after the payment of debts, and the exceptions were overruled by the probate court of Marion county. The report was approved, and it was ordered that the Union Trust Company, as trustee, continue to administer the trust until the further order of the court, and the trust was separately docketed in the probate court, and it still remains upon the docket. The Union Trust Company has continued to act as trustee, and is now so acting, and has continued to report to, and act under the orders of, the probate court of Marion county.

Appellant brought this action in the superior court of Marion county, alleging that the Union Trust Company, trustee, has possession and custody of the residue of the estate of Henry C. Long, deceased, under the terms of his will; that, although approximately twenty years have elapsed since the property has become available for school purposes, it has not been used for such purposes; that the founding and maintaining of such a school is impracticable; and that, consequently, the corpus of the trust "descended" to appellant's decedent as the sole heir at law of Henry C. Long. There was a prayer that the defendant, Union Trust Company, be required to "account for said property, securities, dividends, interest, rents and profits, and proceeds of sales as aforesaid, now held in its custody and control as aforesaid, and be required to turn over to and pay to plaintiff such property, securities and cash, and that plaintiff may have such other and further relief as is just and equitable." Appellees appeared specially and filed an answer in abatement, setting up the facts above summarized in support of the contention that jurisdiction of the *res* was in the probate court of Marion county; that the property sought to be recovered con-

stituted the corpus of a trust which was being administered by the probate court of Marion county; and that it was in possession of that court through its officer, Union Trust Company, trustee. There was a reply in general denial. The issue made by the answer and reply was submitted to the court for trial. There was a finding and judgment that the superior court had no jurisdiction of the subject-matter.

Appellant concedes that the probate court has jurisdiction of the trust, and jurisdiction to direct the actions of the trustee in respect to the trust, but contends that his action involves title to property, and that the superior court has jurisdiction to try the question of title as between the trustee and the plaintiff. But it does not seem that title to specific property is involved. If the trustee was claiming title to property as a part of the estate of Henry C. Long, deceased, and appellant was claiming that the property did not belong to Henry C. Long or his estate, but that it belonged to the estate of Sarah C. W. Long, we would have a different question presented. But here appellant is claiming in the right of Sarah C. W. Long as an heir of Henry C. Long, deceased, and there is no claim that title to the residue of the estate of Henry C. Long did not legally vest in the Union Trust Company as trustee. The claim is that the property, having legally vested in the trustee for a purpose that has been adjudicated to be a legal and subsisting public charity, the right to devote the property to that use has lapsed because of impracticability, and that therefore the body of the trust, and not any specific property, should be turned over to appellant in the right of Sarah C. W. Long. It is not contended that the trustee illegally or unlawfully holds, or is claiming title to, property which belongs to another. The legality and validity of the trustee's title is not questioned. The claim sought to be presented by

the complaint is that the legal holder of the title and possession of the property, the trustee, should be required to account as trustee to appellant, and not to the board of trustees provided for in the will. Since the action does not question the trustee's title, but merely seeks to compel distribution by the trustee in accordance with appellant's theory, jurisdiction is in the probate court of Marion county, under whose supervision and direction the trust is being administered, and the judgment of the court abating the action is correct.

Pending a determination of the issue upon the, plea in abatement, appellant filed a motion, supported by affidavit, for a change of venue from the county. The change was denied, and it appears that no exception was reserved. Appellant unsuccessfully sought a *nunc pro tunc* entry showing an exception. At the time the motion for a change of venue was filed, the court had not acquired jurisdiction of the person of the defendants. Their only appearance was a special one for the purpose of questioning the jurisdiction of the court over the subject-matter. Neither had it been determined that the court had jurisdiction of the subject-matter. Until it had been determined that the court had jurisdiction of the subject-matter, and until it acquired jurisdiction of the parties defendant, it had no jurisdiction or power to change the venue of the case to another county, or confer upon the courts of another county jurisdiction of the case which it had not itself acquired.

After the trial of the question presented by the answer in abatement, appellant sought to dismiss his action. There is some controversy as to whether this motion was filed before or after the court announced its ruling. Assuming the motion to have been made in time and erroneously denied, we cannot see that appellant was injured by the ruling, since

the judgment abating the action for want of jurisdiction had the same practical effect as a dismissal. Appellant is free to seek the same remedy in the probate court.

Judgment affirmed.