## In re Application of Arthur J. Plantamura for Admission to the Bar

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued November 8—decided November 28, 1961

*Arthur J. Plantamura,* pro se, the appellant.

*Joseph G. Shapiro,* with whom was *Joseph J. Devine,* for the appellee (standing committee for Fairfield County on recommendations for admission to the bar).

KING, J.   The applicant was admitted to the bar of the District of Columbia on April 24, 1953. Thereafter, he practiced patent law in Washington for more than five years.   On October 19, 1960, he applied for admission to the bar of Connecticut without examination under § 8, page 27, of the Practice Book, as amended in a matter immaterial to the present controversy (Cum. Sup. 1960).   From a denial of his application he has appealed.

Proceedings for admission to the bar "are in the

nature of investigations by the courts or their representatives to determine whether the candidate is qualified to become an officer of the courts." *Heiberger* v. *Clark,* 148 Conn. 177, 182, 169 A.2d 652. Such proceedings "are taken primarily for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them." Id., 183. Attorneys are "officers of the court appointed to assist the court in the administration of justice and . . . the property, liberty and often the lives of their clients are in their hands, so that a very high degree of intelligence, knowledge, academic and legal training [and] judgment . . . is demanded." Id., 186. It is unnecessary to repeat the principles governing admission to our bar and the paramount power of the court in that connection; these are clearly set forth in the *Heiberger* case, supra.

The application was denied solely on the ground that the applicant had not fulfilled the requirements in subdivision (2) of § 8, the material portions of which are set out in the footnote.[1] Although the applicant claimed that he had practiced patent law in Washington for more than five years, he admitted that at no time had he had occasion to practice, nor had he in fact practiced, in the United States District Court for the District of Columbia, which is "the highest court of original jurisdiction" in the District of Columbia and is a "district court of the United States." See Practice Book § 8.

---

[1] "[Practice Book] Sec. 8. ADMISSION OF ATTORNEYS OF OTHER STATES. Any member of the bar of another state, who . . . (2) . . . has actually practiced law for at least five years in the highest court of original jurisdiction in one or more states, or in one or more district courts of the United States, and is in good standing, . . . may be admitted by the court as an attorney without examination . . . ." (Section as effective May 15, 1957.)

The question dispositive of this appeal is the meaning, in its application to the applicant, of the phrase "actually practiced law for at least five years in the highest court of original jurisdiction . . . or in one or more district courts of the United States." The claim that the applicant is entitled to admission necessarily requires a construction of "actually practiced" as "been authorized to practice." Obviously, under that construction the applicant would be entitled to admission.

The word "actually" was added by an amendment, effective February 1, 1941, to § 8 of the 1934 Practice Book. It is not to be assumed that such a change would have been made without reason. *Brown* v. *Cato,* 147 Conn. 418, 421, 162 A.2d 175. Clearly, the word "actually" was inserted to emphasize the necessity of practice before a court as distinguished from a mere unexercised right to practice. Actual practice in the highest court of original jurisdiction provides a crucible for testing legal knowledge and its practical application in behalf of clients. The framers of the rule could reasonably consider that such a requirement would provide a fair and desirable safeguard for the citizens of Connecticut who might employ an attorney who had been a member of the bar of another jurisdiction and thereafter had been admitted without examination to practice in this state. In the light of the 1941 amendment, § 8 must be construed to require "actual practice" and not merely "authority to practice."

It is true, as the applicant points out, that many of the most successful and respected members of our bar seldom appear in the Superior Court, our highest court of original jurisdiction. This does not, however, destroy or minimize the obvious purpose of the framers of the rule.

As a subordinate claim, the applicant contends that the requirement is ambiguous in that it is not clear with what frequency and to what extent actual practice in court is required in order to comply with the rule. We are spared the necessity of determining this question, since in this case the applicant admittedly has not appeared in court in connection with litigation before the United States District Court for the District of Columbia nor, for that matter, before any other highest court of original jurisdiction. It is unnecessary to discuss the other claims of the applicant.

There is no error.

In this opinion the other judges concurred.