CHARLES FARRICIELLI *v.* CONNECTICUT PERSONNEL
APPEAL BOARD

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued November 12, 1981—decision released February 9, 1982

*Robert J. Krzys,* with whom, on the brief, was
*John W. Breen, Jr.,* for the appellant (plaintiff).

*Christina G. Dunnell,* assistant attorney general,
with whom, on the brief, were *Carl R. Ajello,* attor-
ney general, and *Bernard F. McGovern, Jr.,* and
*Robert E. Walsh,* assistant attorneys general, for
the appellee (defendant).

ARTHUR H. HEALEY, J. On March 25, 1977, the
plaintiff, Charles Farricielli, was dismissed from
his position as an institutional security officer at

Southern Connecticut State College for failure to obtain and retain Connecticut State Police powers as required by job specifications. The plaintiff appealed this dismissal to the Connecticut personnel appeal board (the board) on March 31, 1977, pursuant to General Statutes § 5-202 (a). The board dismissed the plaintiff's appeal for lack of subject matter jurisdiction on May 25, 1977.

On June 23, 1977, the plaintiff appealed from the decision of the board, under General Statutes § 4-183 (b),[1] to the Court of Common Pleas in Hartford County. Service was duly made upon the defendant by serving the office of the attorney general in Hartford. The plaintiff resided in New Haven County at the time he took the appeal to the Court of Common Pleas. The defendant moved to dismiss the plaintiff's appeal on the ground that the appeal was not filed in the Court of Common Pleas for the county in which the plaintiff resided as § 4-183 (b) then required. The court, *Fracasse, J.,* granted the motion to dismiss for lack of jurisdiction upon finding that the venue provisions of § 4-183 (b) were mandatory and jurisdictional and that strict compliance was required. The plaintiff, after certification was granted, appealed to this court.

The main issue in this case is whether, on June 24, 1977, the venue provisions of General Statutes § 4-183 (b) were mandatory and jurisdictional, thereby rendering lack of strict compliance a fatal defect.

[1] In June, 1977, General Statutes § 4-183 (b) provided: "Proceedings for review shall be instituted by filing a petition in the court of common pleas in the county wherein the aggrieved person resides within thirty days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record."

In 1977, a person who had exhausted all administrative remedies and was aggrieved by a final decision of an administrative agency could then seek judicial review under General Statutes § 4-183 (b),[2] which is part of the Uniform Administrative Procedure Act (UAPA), which provided that "[p]roceedings for review shall be instituted by filing a petition in the court of common pleas in the county wherein the aggrieved person resides . . . ." The plaintiff, however, instead of filing his appeal in the Court of Common Pleas in New Haven County, the county where he resided, filed his appeal in the Court of Common Pleas for Hartford County, the county where the defendant board is located. The plaintiff now claims that the lower court erred in dismissing his appeal because the venue provisions of § 4-183 (b) are merely directory and not mandatory and failure strictly to comply with these provisions does not rise to the level of a jurisdictional defect. He also claims that it would not be fair to allow the lower court to dismiss his appeal for improper venue in light of the fact that the legislature amended § 4-183(b) in 1977[3] to allow administrative appeals "to the superior court for Hartford County *or* for the county or judicial district wherein the aggrieved person resides . . . ." (Emphasis added.)

We have stated that " '[a]ppeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,*

[2] As amended by Public Acts 1973, No. 73-620, § 13 and Public Acts 1976, No. 76-436, § 252.

[3] Public Acts 1977, No. 77-603, § 1 (b), effective July 1, 1977. This statute was amended again before July 1, 1978, to substitute "the judicial district of Hartford-New Britain" for "Hartford County." Public Acts 1978, No. 78-280, § 10, effective date July 1, 1978.

164 Conn. 187, 190, 319 A.2d 393 [1972]; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348 [1971]. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898 [1973]; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337 [1965]; 4 Am. Jur. 2d, Appeal and Error, § 4.' " *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979). See also *Vecchio* v. *Sewer Authority,* 176 Conn. 497, 502, 408 A.2d 254 (1979). In *Royce,* supra, we held that the time provisions of § 4-183 (b) were mandatory and that lack of strict compliance would be fatal to an appeal. We can find no justification for treating the venue provisions of the same statute any differently. We have said that not only does the UAPA provide for uniform standards by which certain agency action is to be judged but that it provides a vehicle for judicial review as an alternative to preexisting statutes or in situations in which no appellate review was previously provided. *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 440-41, 363 A.2d 103 (1975). This is the first time we have construed the venue provisions of the UAPA.

" 'Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source.' 4 Am. Jur. 2d 535, Appeal and Error, § 4." *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576 (1969); *In re Nunez,* 165 Conn. 435, 438, 334 A.2d 898

(1973). In this case, the legislature chose to confer exclusive appellate jurisdiction in appeals under the UAPA to "the court of common pleas in the county wherein the aggrieved person resides . . . ." " 'The decisive question here involves the appellate jurisdiction of a particular . . . court to review a particular administrative decision; "venue" in the usual sense is not involved.' " *State ex rel. State Tax Commission* v. *Luten*, 459 S.W.2d 375, 377 (Mo. 1970).[4] See also *Minnesota Valley Canning Co.* v. *Rehnblom*, 242 Iowa 1112, 49 N.W.2d 553 (1951); 2 Cooper, State Administrative Law (1st Ed. 1965), pp. 613–14. "In many instances matters of venue are not determined either by general venue statutes or by statutes relating generally to actions against public officers but by specific provisions as to venue in administrative procedure acts or statutes relating to particular adminstrative agencies." 2 Am. Jur. 2d, Administrative Law § 737. See also 73 C.J.S., Public Administrative Bodies and Procedure § 26 (2), p. 320. Moreover, our conclusion that the provisions of § 4-183 (b), as it was when the plaintiff took his appeal, were mandatory and not directory, is buttressed by the fact that § 4-183 selectively used the words "shall" and "may" in a number of its subsections. Section 4-183 (b) provided that "[p]roceedings for review *shall* be instituted by filing a petition in the court of common

---

[4] For an example of such a provision see *Radzanower* v. *Touche Ross & Co.*, 426 U.S. 148, 96 S. Ct. 1989, 48 L. Ed. 2d 540 (1976), where the United States Supreme Court held that the "narrow venue provision" of the National Bank Act, which allows national banking associations to be served only in the district where they are established, was not repealed by the broad venue provisions of the subsequently enacted Securities Exchange Act which provided that any action to enforce any liability or duty under that Act may be brought in any district where the violation occurred or in the district wherein the defendant is found or transacts business.

pleas in the county wherein the aggrieved person resides . . . ." (Emphasis added.) It also stated that "[c]opies of the petition *shall* be served upon the agency and all parties of record." (Emphasis added.) Section 4-183 (c), for example, provided "[t]he agency *may* grant, or the reviewing court *may* order, a stay upon appropriate terms." (Emphasis added.) The use of "shall" and "may" which are words "commonly mandatory and directory in connotation, [is] a factor that evidences affirmative selectivity of terms with specific intent to be distinctive in meaning. . . . [They] must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings." *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). See *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 428–29, 226 A.2d 380 (1967); *Blake* v. *Meyer,* 145 Conn. 612, 616, 145 A.2d 584 (1958). There is nothing in § 4-183 (b) expressive of any contrary intent. Thus, the words "shall" and "may" should be interpreted according to their plain and ordinary meaning. General Statutes § 1-1; *Jones* v. *Civil Service Commission,* supra.[5] As further support for our conclusion that the venue provision of § 4-183 (b) is mandatory, we point to General Statutes § 38-62 (c) which in providing for appeals from certain orders of the insurance commissioner pro-

---

[5] Section 4-183 (b) is only one subsection of § 4-183 which is entitled "Appeal to Superior Court." We note that in a number of the other subsections of § 4-183 the words "shall" and "may" are used, again indicating affirmative selectivity of those terms by the legislature. Although not crucial on the specific issue before us, it is clearly a factor of the continuing legislative determination, at least in § 4-183, not only to use them according to their commonly accepted meaning, but with discrimination as to their connotations. See *Mazzola* v. *Southern New England Telephone Co.,* 169 Conn. 344, 365, 363 A.2d 170 (1975).

vides that "[a]ny person aggrieved by any such order of the commissioner *may* appeal therefrom in accordance with the provisions of *section 4-183,* except venue for such appeal *shall* be in the judicial district of Hartford-New Britain." (Emphasis added). The venue provisions of § 4-183 (b) are jurisdictional and "mandatory, and, if not complied with, render the appeal subject to abatement. *Daley v. Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501 [1947]." *Royce* v. *Freedom of Information Commission,* supra, 587; see *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 49 A. 913 (1901).

The fact that the legislature subsequently amended the statute to allow the *very* act which it had previously not allowed, i.e., to institute the action by petition filed in the Superior Court for Hartford County, is not persuasive and does not support the plaintiff's claim. See *City Council* v. *Hall,* 180 Conn. 243, 251, 429 A.2d 481 (1980). "A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620, 136 A.2d 792 (1957); see *State ex rel. Barnard* v. *Ambrogio,* 162 Conn. 491, 498, 294 A.2d 529 (1972). Moreover, it is well settled that it can be assumed that in amending § 4-183 (b), the legislature acted "to accomplish some purpose"; *Brown* v. *Cato,* 147 Conn. 418, 421, 162 A.2d 175 (1960); see *In re Application of Plantamura,* 149 Conn. 111, 176 A.2d 61 (1961), cert. denied, 369 U.S. 872, 82 S. Ct. 1141, 8 L. Ed. 2d 275 (1962); and "we may not presume that the legislature has enacted futile or meaningless legislation." *Hartford Electric Light Co.* v. *Sullivan,* 161 Conn. 145, 152, 285 A.2d 352 (1971).

" ' "The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." *State* v. *Staub,* 61 Conn. 553, 566, 23 A. 924 [1892]; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 A. 70 [1933]; *Hartley* v. *Vitiello,* [113 Conn. 74, 82, 154 A. 255] [1931].' *Knoll* v. *Kelley,* 142 Conn. 592, 595, 115 A.2d 678 [1955]." *New Haven Water Co.* v. *North Branford,* 174 Conn. 556, 565, 392 A.2d 456 (1978). At the time that the plaintiff filed his appeal, the only court with subject matter jurisdiction was the Court of Common Pleas for New Haven County.

The plaintiff has also claimed that his administrative appeal should not fail for improper venue because General Statutes §§ 51-347b and 51-351[6] operate to transfer the appeal to the proper court. The court, however, was powerless to so act under these statutes as claimed.

---

[6] General Statutes § 51-347b, at the time of the plaintiff's appeal to the Court of Common Pleas, was codified as § 52-31 and provided: "TRANSFER OF CAUSES BY MOTION, AGREEMENT OR CHIEF COURT ADMINISTRATOR. Any cause or the trial of any issue or issues therein may be transferred, by order of the court on its own motion or on the granting of a motion of any of the parties, or by agreement of the parties, from the superior court for one county or judicial district to the superior court for any other county or judicial district or from the court of common pleas for one county or judicial district to the court of common pleas for any other county or judicial district, upon notice by the clerk to the parties after the order of the court, or upon the filing by such parties of a stipulation to that effect in the cause, signed by them or their attorneys. The chief court administrator may, on his own motion, when required for the efficient operation of the courts and to insure the prompt and proper administration of justice, order like transfers. Upon the order of the court or the chief court administrator and the notices to the parties or on the filing of such stipulation, the clerk of the court shall transfer the files in the cause to the clerk of the court for such other county or judicial district, and, if simply the trial of an issue or

"A court has no power or jurisdiction to order a change of venue where it has no jurisdiction of the subject matter of the parties defendant." 92 C.J.S. Venue §§ 129, 157. See *Bell* v. *Union Trust Co. of Indianapolis,* 213 Ind. 333, 12 N.E.2d 510 (1938); *Newell* v. *Huston,* 35 App. Div. 2d 908, 317 N.Y.S.2d 66 (1970). Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. *Marshall* v. *Clark,* 170 Conn. 199, 205, 365 A.2d 1202 (1976); see *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 229,

issues in such cause has been transferred, the files, after such issues have been disposed of, shall be returned to the clerk of the court for the original county or judicial district, and judgment may be entered in such court. No entry fee shall be required to be paid to the court to which any such transfer was made."

Section 51-351 was enacted in 1977, Public Acts 1977, No. 77-576, §§ 10, 65, effective July 1, 1978, and provides: "RETURN TO IMPROPER LOCATIONS. No cause shall fail on the ground that it has been made returnable to an improper location."

The dissent indicates that § 31-351 should be applied retroactively to a pending case. We do not agree. This statute, which was enacted as Public Acts 1977, No. 77-576, § 10, did not become effective until July 1, 1978, which was after the plaintiff brought his action in the Court of Common Pleas at Hartford. "It is a rule of construction that statutes are not to be applied retroactively to pending actions, unless the legislature clearly expresses an intent that they shall be so applied." *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726, 345 A.2d 563 (1974). "The test of whether a .statute is to be applied retroactively, absent an express legislative intent, 'is not a purely mechanical one' and even if it is a procedural statute, which ordinarily will be applied retroactively without a legislative imperative to the contrary, 'it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. *Lavieri* v. *Ulysses* . . . [149 Conn. 396, 401, 180 A.2d 632] [1962]; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525 [1941].' *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 [1968]; *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 196, 286 A.2d 308 [1971]." *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 223, 384 A.2d 378 (1978). The legislature has expressed no such intent here and we do not feel that it should be applied retroactively.

429 A.2d 478 (1980); *Krueger* v. *Krueger,* 179 Conn. 488, 493, 427 A.2d 400 (1980). Since we have held that the lower court had no jurisdiction of the subject matter, a motion by the plaintiff to transfer venue could not have been granted.

There is no error.

In this opinion SPEZIALE, C. J., and ARMENTANO, J., concurred.

SHEA, J. (dissenting). This case marks the first time this court has held that failure to comply with a statutory venue provision constitutes a defect in jurisdiction over the subject matter. "Venue is not a jurisdictional question but a procedural one." 77 Am. Jur. 2d, Venue § 1. A statutory requirement fixing the place where an action must be brought is regarded as existing for the convenience of the litigants and simply confers a privilege not to be required to attend court at a particular location. Id., § 45. Accordingly, it may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred by consent. Ibid. Heretofore we have followed these well-established principles in distinguishing venue from jurisdiction. *Guerriero* v. *Galasso,* 144 Conn. 600, 604, 136 A.2d 497 (1957); *Fine* v. *Wencke,* 117 Conn. 683, 684, 169 A. 58 (1933); *Mower* v. *State Department of Health,* 108 Conn. 74, 77, 142 A. 473 (1928). In *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 89–90, 49 A. 913 (1901), a case cited by the majority, where the statute specified that a scire facias action against a garnishee should be brought to the court where the judgment had been rendered, noncompliance was treated as jurisdictional. The court viewed this requirement, however, as created not for the bene-

208

fit of a party but as resting upon the "deeper foundation" of the public interest in keeping all of the records pertaining to a case at one location.

The majority opinion concludes that strict compliance with the place requirement for filing an appeal is necessary because of its nature as a creature of statute. All of the cases of this court which are cited in support of that proposition involve noncompliance with a time specification rather than a designation of court location. *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 418 A.2d 939 (1979); *Vecchio* v. *Sewer Authority,* 176 Conn. 497, 408 A.2d 254 (1979); *In re Nunez,* 165 Conn. 435, 334 A.2d 898 (1973); *LaReau* v. *Reincke,* 158 Conn. 486, 264 A.2d 576 (1969); *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 208 A.2d 337 (1965); *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 54 A.2d 501 (1947). Time limitations for taking appeals do not exist merely for the convenience of the parties but involve a strong public interest in the finality of legal proceedings. For this reason they have been generally regarded as jurisdictional. 2 Am. Jur. 2d, Administrative Law § 719. Defects of venue in appeals from administrative agencies have not been given the same effect. *Industrial Addition Assn.* v. *Commissioner,* 323 U.S. 310, 65 S. Ct. 289, 89 L. Ed. 260 (1945); *Peoria & PUR Co.* v. *United States,* 263 U.S. 528, 535–36, 44 S. Ct. 194, 68 L. Ed. 427 (1924). In two cases decided by this court, both administrative agency appeals, the contention that a failure to bring an appeal to the proper court location destroyed subject matter jurisdiction was expressly rejected. *Guerriero* v. *Galasso,* supra, 604; *Mower* v. *State Department of Health,* supra, 77. Such a deviation from the statute creating the right of

appeal "is merely one in venue, for the Superior Court is one court for the whole State." *Mower* v. *State Department of Health,* supra. The use of the mandatory "shall" in the statutory designation of venue was not regarded as precluding the application of this familiar venue principle. *Guerriero* v. *Galasso,* supra; see General Statutes (1955 Sup.) § 379d. It is not clear from the silent treatment given to these precedents in the majority opinion whether they are being overruled or disregarded.

An additional reason for my disagreement is the enactment of General Statutes § 51-351 which became effective on July 1, 1978, while this action was pending in the trial court but before the trial court decided the motion to dimiss.[1] This statute provides that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." The rationale of the majority is that, despite this statute, a venue defect in an administrative appeal goes to subject matter jurisdiction the absence of which deprives the court of any power to transfer a case. This view is wholly inconsistent with the action this court has taken on numerous occasions in transferring appeals properly within the jurisdiction of the appellate session of the Superior Court to that court pursuant to Practice Book § 3076 and in accepting appeals transferred to us from that court for a lack of jurisdiction pursuant to Practice Book § 1068. It is also contrary to our conclusion upholding the exercise of the power to transfer cases brought to the wrong court as formerly authorized by General Statutes § 52-32 (repealed effective July 1, 1978, Public Acts 1976, No. 76-436, § 148). *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 651, 363 A.2d 1085

---

[1] The motion to dismiss was not filed until April 25, 1979.

(1975); *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81 (1946); *Wooley* v. *Williams,* 105 Conn. 671, 673, 136 A. 583 (1927). Jurisdiction is simply the power of the court to act in the particular situation. If a rule of practice can confer authority to transfer, a fortiori the legislature, which is constitutionally authorized to define the "power and jurisdiction" of the court subject to the limitation that its essential characteristics not be changed; *Styles* v. *Tyler,* 64 Conn. 432, 456, 30 A. 165 (1894); may do so. Conn. Const., art. V § 1.

There can hardly be any question but that the legislature intended to authorize the transfer of cases such as the appeal of this plaintiff in enacting § 51-351, because there is no other established mechanism for implementing this declaration of policy. Already in existence was § 51-347b which authorized transfer of "[a]ny cause" by order of the court on its own motion or the motion of any party. The use of the broader word "cause" in this statute, as well as in § 51-351, instead of "action" makes it clear that the authority to transfer extends to administrative appeals as well as ordinary civil actions. *Connecticut Light and Power Co.* v. *Costle,* 179 Conn. 415, 423, 426 A.2d 1324 (1980).

Because the position of the majority that a venue defect defeats jurisdiction over the subject matter renders § 51-351 wholly nugatory even in respect to appeals commenced after its effective date, consideration of whether this statute should be applied retroactively in the pending case has been relegated to a footnote in the majority opinion. "[A]s regards statutes which are general in their terms and affect matters of procedure, the presumption is that they are intended to apply in all actions, whether pend-

ing or not." *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525 (1941); *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 48, 92 A. 682 (1914); see 73 Am. Jur. 2d, Statutes § 354. The enactment of § 51-351 was intended as a procedural reform and it does not affect any substantive rights. See *Sherry H.* v. *Probate Court,* 177 Conn. 93, 101, 411 A.2d 931 (1979). The location of the courtroom where a case is to be heard can hardly be classified as substantive. I think we should honor the legislative mandate that "no cause shall fail" for a venue defect and follow the rule recognized by the majority that a procedural statute not changing substantive rights should ordinarily be given retroactive effect unless "considerations of good sense and justice dictate that it not be so applied." *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 (1968). What the considerations are which have induced the majority not to adhere to this principle I am unable to ascertain.

I would find error in the granting of the motion to dismiss because the venue defect relied upon does not involve jurisdiction and because the legislature's intention in enacting § 51-351 was to provide the remedy of transfer rather than dismissal in such a situation. Therefore, I dissent.

In this opinion PARSKEY, J., concurred.