[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 16, 1994, the plaintiffs, Dyno New England, Inc. (Dyno); Fairfield Resources Management, Inc. (FRM); Fairfield Resources, Inc. (FR); and Rock Acquisition Limited Partnership (RA); pursuant to General Statutes § 29-355, commenced this appeal by service of process on Nicholas A. Cioffi, Commissioner of the Department of Public Safety (DPS commissioner); Wayne A. Gravius, Town of Brookfield Fire Marshal; and the Town of Brookfield (Brookfield). Prior to serving process on these parties, on December 15, 1994, Edward W. Jurgelas, Deputy Sheriff of Hartford County, attested that the writ, summons and complaint CT Page 1926 in this case came into his possession on December 15, 1994. The plaintiffs then filed this appeal, dated December 15, 1994, with the Superior Court. On February 17, 1995, the defendant, DPS commissioner, filed a request that the plaintiffs revise their complaint and specify their claims against the DPS commissioner. Subsequently, the plaintiffs filed a revised appeal on March 22, 1995. The plaintiffs did not include the DPS commissioner on the face of the revised appeal, nor did they assert specific allegations against him.
The plaintiffs allege the following facts in their revised appeal. FRM, FR, and RA own property at North Mountain Road and Laurel Hill Road, which they have operated as a stone and gravel mine since 1947. Dyno is a licensed blaster in the State of Connecticut. On November 15, 1994, the plaintiffs allege that Gravius, the Town of Brookfield's Fire Marshal, prejudged the plaintiffs' blasting application and verbally denied the issuance of a permit to Joel Kanute of Dyno for blasting at 5 North Mountain Road. Further, the plaintiffs allege that "[o]n November 15, 1994, Dyno never had the opportunity to request the blasting permit," and alternatively that "[t]he permit was wrongfully denied." The plaintiffs also allege that they are aggrieved by the decision of Gravius and/or Brookfield.
On June 2, 1995, the defendants, Gravius and Brookfield, jointly filed an answer and three special defenses to the plaintiffs' appeal. In the first special defense, the defendants assert that because the administrative agency did not take a final action "the plaintiffs do not have standing to prosecute this appeal and the court does not have jurisdiction. . . ." Additionally, the defendants argue in their second special defense that because no basis exists for granting an award of attorney's fees in an administrative appeal, the court cannot grant this claim for relief. Third, the defendants argue that the plaintiffs lack standing to prosecute this appeal, and the court does not have jurisdiction because the plaintiffs failed to exhaust their administrative remedies.
On July 21, 1995, the plaintiffs filed a brief supporting their appeal. In their brief, the plaintiffs argue that they were statutorily entitled to a blasting permit; revocation of the blasting permit without notice and hearing constituted a violation of due process; defendant Gravius impermissibly prejudged the application for the blasting permit; and that defendants employed an improper criteria and were subject to CT Page 1927 improper influence in revoking the blasting permit.
In response, on August 21, 1995, the defendants filed a brief in opposition to the plaintiffs' appeal. The defendants argue that (1) the plaintiffs failed to exhaust their administrative remedies because they did not file an application for a blasting permit; (2) the court lacks jurisdiction over the appeal because the plaintiffs failed to cite Joe Kanute, who is a necessary party to this appeal; and (3) the appeal is moot because the court cannot grant the relief plaintiffs requested in their appeal. The plaintiffs requested in the appeal that the court order the defendants to reverse their decision denying the permit, issue the permit, and award attorney's fees to the plaintiffs.
On September 5, 1995, the plaintiffs replied to the defendants' special defenses by denying each special defense.
Additionally, at the hearing conducted on November 27, 1995, Gravius and Brookfield made an oral motion to dismiss the appeal on the ground that the plaintiffs were not aggrieved by Gravius' actions on November 15, 1994. For the reasons set forth below, the court need not address the issue of aggrievement, nor the issue of whether Dyno's verbal permit application was a proper application.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). Subject matter jurisdiction is a question of law that cannot be waived or conferred by consent of the parties. Mannweiler v. LaFlamme, 232 Conn. 27, 35,653 A.2d 168 (1995). "The court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Statev. Garcia, 233 Conn. 44, 62, 658 A.2d 947 (1995). "Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter."Farricielli v. Personnel Appeal Board, 186 Conn. 198, 206,440 A.2d 286 (1982).
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such CT Page 1928 provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted.) Office of ConsumerCounsel v. Dept. of Public Utility Control, 234 Conn. 624, 640,662 A.2d 1251 (1995).
General Statutes § 29-349(b) provides that "[n]o person, firm or corporation shall engage in any activity concerning the storage, transportation or use of explosives unless such person, firm or corporation has obtained a license therefor from the commissioner of public safety." Further, "[n]o person shall procure, transport or use any explosives unless he has a valid license under subsection (b) and has obtained a written permit therefor signed by the commissioner of public safety or by the fire marshal of the town where such explosive is to be used. . . ." General Statutes § 29-349(d).
General Statutes § 29-355 provides: "Appeal from orders relating to explosives, blasting agents and gunpowder. If any person considers himself aggrieved by the doings of the commissioner of public safety or the fire marshal under section29-349 or 29-354, he may apply, within thirty days, to the superior court, which may grant appropriate relief; but nothing contained herein shall be construed to prevent the transportation of gunpowder, or its deposit for transportation during a period of not over forty-eight hours."
Although General Statutes §§ 29-349 through 29-355 do not explain what it means for an aggrieved party to "apply . . . to the superior court," General Statutes § 29-355 is entitled "Appeal from orders relating to explosives, blasting agents and gunpowder." Based on the title of General Statutes § 29-355, and because the statute grants the Superior Court the power to "grant appropriate relief," the court finds that the phrase "apply . . . to the superior court" means that an aggrieved party may appeal to the Superior Court. Consequently, General Statutes § 29-355 provides for an aggrieved person to appeal an action by the DPS commissioner or fire marshal to the Superior Court.
Although General Statutes § 29-355 enables a party to appeal from the actions of the DPS commissioner or the fire marshal to the Superior court, it does not set out how an appellant may commence an appeal or to which judicial district an appeal may be brought. General Statutes §§ 29-349 through 29-355
are silent on these matters. Because General Statutes §§29-349 through 29-355 do not provide for the manner in which an CT Page 1929 aggrieved party can appeal an action by the DPS commissioner or fire marshal to the Superior Court, the court looks to the Uniform Administrative Procedures Act (UAPA), General Statutes § 4-166 et seq. In addition to being governed by General Statutes § 29-349 et seq., the DPS, as a state agency, is governed by the UAPA.
General Statutes § 4-166(1) defines an agency as "each state board, commission, department or officer authorized by law to make regulations or to determine contested cases, but does not include either house or any committee of the general assembly, the courts, the Council on Probate Judicial Conduct, the governor, lieutenant governor or attorney general, or town or regional boards of education, or automobile dispute settlement panels established pursuant to section 42-181." Further, General Statutes § 29-1b provides that "[t]here shall be a department of public safety. The department head shall be the commissioner of public safety, who shall be appointed by the governor. . . ." General Statutes § 4-38c provides that "[t]here shall be within the executive branch of state government the following departments: . . . department of public safety. . . ." Additionally, General Statutes § 29-349(a) provides "[t]he commissioner of public safety shall have exclusive jurisdiction in the preparation of and may enforce reasonable regulations for the safe and convenient storage, transportation and use of explosives and blasting agents used in connection therewith. . . ." Therefore, the Department of Public Safety (DPS) is a state agency headed by the DPS commissioner.
Further, General Statutes § 29-349(b) provides that "[n]o person, firm or corporation shall engage in any activity concerning the storage, transportation or use of explosives unless such person, firm or corporation has obtained a license therefor from the commissioner of public safety." Pursuant to General Statutes § 29-349(c) and (d), no person may manufacture, keep, store, sell, procure, transport, use or deal in explosives unless he has a valid license under General Statutes § 29-349(b) from the DPS commissioner and has obtained a written permit for such activity from either the DPS commissioner or the local fire marshal. Therefore, based on the plain language of General Statutes § 29-349, the DPS commissioner has exclusive jurisdiction over this field, and controls the issuance of licenses and permits, while the role of the local fire marshal is limited to sharing the ability to issue written permits. CT Page 1930
In PARCC Inc. v. Commission on Hospitals Health Care,235 Conn. 128, 135-36, 663 A.2d 992 (1995), the plaintiff appealed to the trial court, pursuant to General Statutes §§ 4-183(c)[1]
and 19a-158, from the defendant's decision. The plaintiff claimed that "the defendant's refusal to grant the plaintiff's application for reauthorization of phase II [of the planned expansion] was improper because the defendant had not afforded the plaintiff notice and a hearing." Id., 136-137. "The defendant moved to dismiss the appeal on the ground that the plaintiff had not appealed from a final decision of an agency in a contested case as required by the UAPA." Id., 137.
In resolving PARCC, Inc. v. Commission on Hospitals HealthCare, supra, 235 Conn. 128, the court noted that the issue in the case was "whether the defendant was statutorily required to conduct a hearing," and "[t]o make that determination, we examine all the statutory provisions that govern the activities of the particular agency . . . in question." (Internal quotation marks omitted.) Id., 139. The court observed that the "trial court correctly concluded that the terms of § 19a-155a and P.A. 93-406 did not require the defendant to provide an opportunity for a hearing." Id. The court, however, concluded that the trial court improperly limited its focus to those two statutes. The court emphasized that "[i]n addition to being governed by chapter 368c of the General Statutes, § 19a-145 et seq., the defendant is governed by the UAPA." Id. While the statutory scheme at issue inPARCC, Inc. v. Commission on Hospitals Health Care, supra, 128, explicitly referenced General Statutes § 4-183 by providing that certain health care facilities could appeal pursuant to the provisions of § 4-183. Id. 136-37 n. 6, citing General Statutes § 19a-158, in the present case, the statutory scheme at issue, General Statutes § 29-349 et seq., does not reference § 4-183. However, as the court emphasized in PARCCInc. v. Commission on Hospitals Health Care, supra, 128, "we [the court] examine all the statutory provisions that govern the activities of the particular agency . . . in question." Id., 139. Therefore, the DPS, as a state agency similar to the health care facility in PARCC, Inc. v. Commission on Hospitals Health Care, supra, 128, is also governed by the UAPA.
As previously stated, § 29-355 provides that a person aggrieved by the doings of the DPS commissioner or the fire marshal, may apply, within thirty (30) days, to the Superior Court. Further, General Statutes § 4-183 sets forth the CT Page 1931 manner of commencing an appeal from an agency to the Superior Court. Specifically, General Statutes § 4-183(c) provides that a person appealing must serve a copy of the appeal on the agency that rendered the final decision, at its office or at the office of the attorney general in Hartford, and file the appeal with the clerk of the Superior Court for the Judicial District of Hartford or for the judicial district wherein the person appealing resides.
Viewing §§ 29-355 and 4-183(c) together, to take an appeal from the "doings" of the DPS commissioner or fire marshal under General Statutes § 29-349, an aggrieved party must, within thirty (30) days, serve a copy of the appeal on the state administrative agency that rendered the final decision, at its office or at the office of the attorney general in Hartford, and file the appeal with the clerk of the Superior Court for the Judicial District of Hartford or for the judicial district wherein the person appealing resides.
In the present case, the plaintiffs allege that on November 15, 1995, Gravius prejudged their blasting application and verbally denied the issuance of a permit to Joel Kanute of Dyno for blasting at 5 North Mountain Road. The plaintiffs, however, did not commence this administrative appeal by service of process on the DPS commissioner, Gravius, and Brookfield until December 16, 1994.[2] By serving process on the above named parties on Friday, December 16, 1994, the plaintiffs commenced this administrative appeal one day after the appeal period, set by General Statutes § 29-355, had expired. Therefore, the court lacks subject matter jurisdiction over this administrative appeal.
Prior to serving process on the defendants in this case, on December 15, 1994, Edward W. Jurgelas, Deputy Sheriff of Hartford County, attested that the writ, summons and complaint in this case came into his possession on December 15, 1994. General Statutes § 52-593a(a) provides that "[e]xcept in the case ofan appeal from an administrative agency governed by section 4-183,
a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." (Emphasis added.) Although General CT Page 1932 Statutes § 52-593a(a) permits a party to commence an action after the commencement period has expired, General Statutes §52-593a(a) does not apply in this action.
General Statutes § 52-593a(a) expressly provides that it does not apply "in the case of an appeal from an administrative agency governed by section 4-183." Because the DPS is a state agency governed by both General Statutes §§ 29-355 and 4-183, General Statutes § 52-593a(a) is not applicable to this case, where an aggrieved party took an appeal from the doings of the DPS commissioner and the fire marshal. See also Ambrogio v. Boardof Firearms Examiners, Superior Court, Judicial District of New Haven at New Haven, Docket No. 330953 (June 16, 1992, DeMayo, J.,6 Conn. L. Rptr. 563) (stating that "section 52-593a of our General Statutes excludes administrative appeals. . .").
Recent Superior Court cases have applied General Statutes § 52-593a to appeals from municipal administrative agencies, but not to appeals from administrative agencies governed by §4-183. See Biondo v. Town of Greenwich, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No 139590 (April 6, 1995, D'Andrea, J.), citing The Westwood Foundation Inc. v.Board of Tax Review, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 462181 (September 7, 1994, Dorsey, S.T.R.); Gelinas v. West Hartford Planning Zoning Comm., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 382396 (July 17, 1992, Schaller, J.); Flaim v. Planning Zoning Commission of Orange, Superior Court, Judicial District of New Haven at New Haven, Docket No. 305860 (February 27, 1991, Celotto, J., 3 Conn. L. Rptr. 291). See also R. Fuller, Land Use Law and Practice § 25.10, p. 468 (1993) (stating that "[s]ection 52-593a now applies to any municipal administrative appeals, as well as zoning, planning and inland wetland cases"). Further, "[i]n Kaufman v. ZoningCommission, 232 Conn. 122, [653] A.2d [1146] (1995), a [General Statutes] § 8-30g appeal, the Supreme Court, determined that the Uniform Administrative Procedure Act (UAPA), General Statutes4-166 et seq., does not govern zoning cases." Wisniowski v.Planning Commission, 37 Conn. App. 303, 309, 655 A.2d 1146
(1995).
The plaintiffs commenced this appeal one day after the thirty (30) day appeal period provided in General Statutes § 29-355
had expired. Further, General Statutes § 52-593a(a) is inapplicable in this case because the DPS is a state agency CT Page 1933 governed by General Statutes § 4-183. Therefore, for these reasons, the court lacks subject matter jurisdiction over this appeal. The appeal is dismissed.