[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6072
The defendants have moved to dismiss the above-captioned administrative appeal on the ground that it was not filed within forty-five days from the mailing of the notice of the administrative decision appealed from, as required by the Uniform Administrative Procedure Act at General Statutes § 4-183(c).
The appeal contests the April 4, 1995 decision of a hearing officer for the Bureau of Rehabilitative Services upholding the Bureau's denial of funding for the plaintiff to attend medical school. The plaintiff acknowledges at paragraph 36 of his appeal that "[o]n April 4, 1995 defendant, Director of B.R.S., gave plaintiff notice of his intent to adopt and accept the Hearing Officer's recommended decision as a final decision."
The plaintiff caused his appeal to be served on the defendants on May 16, 1995. He filed it in Superior Court on May 23, 1995.
General Statutes § 4-183(a) authorizes an appeal to the Superior Court as follows:
 A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.
General Statutes § 4-183(c) provides in pertinent part as follows:
 Within forty-five days after mailing of the final decision under Section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides. . . .
It is well settled that a statutory right of appeal may be pursued only upon strict compliance with the statutory provision CT Page 6073 by which it is created. Simko v. Zoning Board of Appeals,205 Conn. 413, 419 (1987) aff'd on rehearing, 206 Conn. 374 (1988);Chestnut Realty, Inc. v. Commission on Human Rights andOpportunities, 201 Conn. 350, 356 (1986). Failure to comply with the statutory conditions and requirements deprives the court of subject matter jurisdiction. Rogers v. Commission on Human Rightsand Opportunities, 195 Conn. 543, 552 (1985); Farricielli v.Personnel Appeal Board, 186 Conn. 198, 201 (1982).
On its face, § 4-183(c) requires that an administrative appeal brought pursuant to § 4-183(a) be both served and filed in court within forty-five days of the decision from, which the appeal is taken. It has been so construed. GlastonburyVolunteer Ambulance Association, Inc. v. Freedom of InformationCommission, 227 Conn. 848, 852-53 (1993).
This court finds that the plaintiff's appeal was filed more than forty-five days after the mailing of the final administrative decision at issue and that the court therefore lacks subject matter jurisdiction.
Accordingly, the motion to dismiss is granted.
Beverly J. Hodgson Judge of the Superior Court