[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved the Court to dismiss this action claiming the Court lacks jurisdiction on two separate grounds. The relevant facts are as follows. On December 26, 1996 the plaintiff caused to be served on the defendant a notice to quit terminating the lease, "on or before January 1, 1997." On January 10, 1997, the defendant having failed to quit possession, the plaintiff commenced her action by writ, summons and complaint with a return date of January 21, 1997.[1] On plaintiff's summons the Housing Session was checked and the Judicial District and G.A. boxes were left unchecked. The complaint was made returnable to "69 Brooklyn Street, Rockville, Ct." which is the address of the Judicial District court for the Judicial District of Tolland. The plaintiff and defendant maintain a residence and principal place of business, respectively in Vernon, Connecticut. The Geographical Area Court for Vernon for criminal and motor vehicle matters is located at 20 Park Street, Rockville, CT. At argument on the defendant's Motion to Dismiss the plaintiff indicated that the Clerk of the Court at 20 Park Street, Rockville, Ct. refused to accept the complaint and directed that it be filed at the 69 Brooklyn Street address as, the Court will note, are all other housing matters. The Court also takes judicial notice that a housing specialist maintains an office at 69 Brooklyn Street and that separate calendars and files are maintained for such matters
The defendant first claims as its grounds for dismissal that the Court lacks jurisdiction over the subject matter and persons since the Brooklyn Street address is improper as the matter should have been returnable to 20 Park Street. CT Page 759
The defendant relies only on one case for the proposition that the filing of the matter at the Brooklyn Street location was improper and fatal from a jurisdictional point of view. InFarricielli v. Connecticut Personnel Appeal Bd., 186 Conn. 198
(1982), the plaintiff appealed the decision of the Personnel Appeal Board and filed that action in the court of Common Pleas in Hartford County. The defendant moved to dismiss on the basis that the appeal was not brought in the county in which the plaintiff resided as was then mandated by CGS § 4-183 (b). The Court of Common Pleas dismissed the cause for lack of jurisdiction and the Supreme Court upheld the decision.
The defendant's reliance on this case is misplaced. In theFarricielli case the Supreme Court stated that "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (emphasis added) 186 Conn. 198, 201 (1982). Unlike the Farricielli case the instant matter is not an administrative appeal which requires strict compliance with statutory mandates but rather is a matter where original jurisdiction lies in the Superior Court
Additionally, defendant fails to address P.B. § 212 which states, in part, "any cause,. . . . may be transferred. . . . from a geographical area court location to any other geographical court location or to any judicial district court location, by order of the court (a) upon its own motion. . . ." This Practice Book Section is based upon Connecticut General Statutes § 51-347b. That statute also, permits the chief court administrator to, "on his own motion, when required for the efficient operation of the courts and to insure the prompt and proper administration of justice, order like transfers." All housing matters for the Judicial District of Tolland at Rockville have been transferred to the Brooklyn Street location.
Additionally, the defendant fails to address the impact of CGS § 51-348 (c) which contains a similar provision for transfer of matters by the chief court administrator. Finally, CGS § 51-351 states that "No cause of action shall fail on the ground that it has been made returnable to an improper location." Thus even without the action of the chief court administrator this cause of action is not dismissable as it would be saved by this provision. The issue raised by the defendant is at best a venue issue not a jurisdictional one, Savage v.Aronson, 214 Conn. 256, 263 (1990). CT Page 760
The second rationale posited by the defendant in support of its Motion to Dismiss attacks the viability of the notice to quit. This argument is not supported by the facts or law. The sheriff's return on the notice to quit states that it was served on December 26, 1996. The notice demanded that the defendant quit possession on the first day of January, 1997. Excluding the date of service and the quit date leaves five days as required by CGS § 42a-23 (a).
For all the foregoing reasons the defendant's Motion to Dismiss is denied.
ZARELLA, J.