[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has appealed pursuant to the Uniform Administrative Procedure Act (UAPA) General Statutes §§ 166, et seq. and 4-183, from the Connecticut Commission on Human Rights and Opportunities' (CHRO) dismissal of her employment discrimination complaint. CHRO has moved to dismiss the case on jurisdictional grounds.
The plaintiff's employment discrimination claims relate to a teaching position with Fairfield University which she did not receive in 1990. The plaintiff's original complaint was filed with CHRO on March 8, 1991, and dismissed on September 12, 1991. The plaintiff appealed that decision to the Superior Court pursuant to the UAPA. The court, Maloney J., sustained the plaintiff's appeal and remanded the case to the CHRO for a new investigation. See Hefti v. Commission on Human Rights andOpportunities, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293132, 8 CONN. L. RPTR. 175 (January 13, 1993) (Maloney, J.).
The CHRO then commenced a new investigation which again resulted in a dismissal of the employment discrimination complaint. The plaintiff on November 7, 1997, attempted to initiate this appeal. A copy of the appeal was left with the Hartford Judicial District clerk's office.[1] Apparently, the clerk's office incorrectly advised the plaintiff that she need not pay the filing fee because of the remand of her earlier case. The appeal papers were returned on November 14, 1997, noting the necessity of the $185 fee for the filing of an administrative CT Page 11775 appeal. The plaintiff, after an exchange of correspondence with the clerk's office, eventually tendered the fee and the appeal was docketed on April 22, 1998.
In this case, the final decision was mailed by the CHRO to the plaintiff on September 23, 1997.[2] Section 4-183(c) requires that appeals filed under the UAPA be filed within forty-five days of the mailing of the final decision by the agency. Forty-five days after September 23, 1997 would have been November 7, 1997.
CHRO argues that the appeal was not filed until April 22, 1998, when the fee was paid, thus, the appeal is untimely and the court is without jurisdiction.
The payment of court fees is mandatory for each case as evidenced by the language of General Statutes § 52-259, which provides: "There shall be paid to the clerks for entering each appeal . . . and for each civil cause in the Superior Court . . ." The Supreme Court has found the fee required under § 52-259(c) to open a judgment to be mandatory upon the filing of the motion to reopen. Van Mecklenburg v. Pan AmericanWorld Airways, Inc., 196 Conn. 517 (1985). In Van Mecklenburg, the plaintiff filed a timely motion to open a judgment, but failed to pay the accompanying fee. "Although the trial court clerk who handled the motion stamped it as received by the court on October 8, upon realizing that the required fee had not been paid, the clerk crossed out the October 8 receipt date on the face of the motion and immediately returned it to the plaintiff. On October 15 the plaintiff refiled the motion and paid the fee."Id., 518. In overturning the trial court's reopening of the judgment, the Supreme Court held: "It is clear from the language of this statute that payment of such fee is mandatory upon the filing of a motion to open. It therefore follows that an otherwise properly filed motion to open will not be accepted by the court unless accompanied by the filing fee. Since the plaintiff did not pay the required fee until October 15, the motion was not filed until that date, and as such, is untimely under the four month rule." Id., 519. Thus, in this case, the appeal was not filed until the fee was paid on April 22, 1998, well beyond the forty-five day period set forth in § 4-183(c).
The plaintiff makes a forceful argument that she was misled by a court clerk as to the obligation to pay a fee. A similar CT Page 11776 claim was considered but rejected in Tarnopol v. ConnecticutSiting Council, 212 Conn. 157, 165 (1989), where the court held: "While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first-instance . . ." (Citations omitted; internal quotation marks omitted.) In Tarnopol, an assistant clerk had signed an order of notice for service by certified mail, when in hand or abode service was then required by General Statutes §§ 4-183(b), 52-54
and 52-57. Tarnopol also involved an administrative appeal with the court relying on authority mandating strict compliance. "We note at the outset that appeals from administrative agencies exist only under statutory authority. Farricielli v. PersonnelAppeal Board, 186 Conn. 198, 201, 440 A.2d 286 (1982)." ChestnutRealty, Inc. v. Commission on Human Rights and Opportunities,201 Conn. 350, 356 (1986). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . ." (Citations omitted.)Basilicato v. Department of Public Utility Control,197 Conn. 320, 322 (1985). The forty-five day filing requirement of § 4-183(c) is just such a mandatory jurisdictional requirement. Glastonbury Volunteer Ambulance Assn., Inc. v.Freedom of Information Commission, 227 Conn. 848 (1993); see also Ann Howard's Apricots Restaurant, Inc. v. Commission onHuman Riqhts and Opportunities, 237 Conn. 209, 220 (1996);Commission on Human Rights and Opportunities v. Windsor HallRest Home, 232 Conn. 181, 187 (1995). The Superior Court is without jurisdiction to entertain an administrative appeal filed beyond the forty-five days, no matter what the circumstances.
The court is unable to concur jurisdiction on itself concerning an appeal of an administrative agency decision. There is no basis for a consideration of prejudice. GlastonburyVoluntary Ambulance Assn., Inc. v. Freedom of InformationCommission, supra, 227 Conn. 856. The plaintiff's pro se litigant status (though she is a law school graduate) does not allow for a lesser standard of compliance for jurisdictional rules. Lemoinev. McCann, 40 Conn. App. 460, 465, cert. denied, 237 Conn. 904
(1996); Basilicato v. Department of Public Utility Control,supra, at 197 Conn. 329.
The motion to dismiss is granted. The appeal is dismissed.
Robert F. McWeeny, J. CT Page 11777