[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has appealed pursuant to the Uniform Administrative Procedure Act (UAPA) General Statutes §§ 4-166
et seq. and 4-183 from a decision of the State of Connecticut Employee Review Board (Board) dismissing his grievance.
The plaintiff's grievance relates to his 1975 demotion. The history of this dispute includes several court decisions[1] and legislative special acts.[2]
In this case, the Board's final decision was mailed on June 9, 1998 and received by the plaintiff on June 11, 1998. The appeal was not filed until July 30, 1998. Section 4-183(c) of the UAPA requires that appeals filed under the UAPA be commenced within forty-five days of the mailing of the final decision.
The plaintiff argues that he was misled as to the obligation to file within forty-five days. A similar claim was considered but rejected in Tarnopol v. Connecticut Siting Council,212 Conn. 157, 165 (1989), where the court held: "While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance . . ." (Citations omitted; internal quotation marks omitted.) InTarnopol, an assistant clerk had signed an order of notice for service by certified mail, when in hand or abode service was then required by General Statutes §§ 4-183(b), 52-54 and 52-57.Tarnopol also involved an administrative appeal with the court relying on authority mandating strict compliance. "We note at the outset that appeals from administrative agencies exist only under CT Page 13697 statutory authority. Farricielli v. Personnel Appeal Board,186 Conn. 198, 201, 440 A.2d 286 (1982)." Chestnut Realty, Inc. v.Commission on Human Rights and Opportunities, 201 Conn. 350, 356
(1986). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . ." (Citations omitted.) Basilicato v.Department of Public Utility Control, 197 Conn. 320, 322 (1985).
The forty-five day filing requirement of § 4-183(c) is just such a mandatory jurisdictional requirement. GlastonburyVolunteer Ambulance Assn., Inc. v. Freedom of InformationCommission, 227 Conn. 848 (1993); see also Ann Howard's ApricotsRestaurant, Inc. v. Commission on Human Rights and Opportunities,237 Conn. 209, 220 (1996); Commission on Human Rights Opportunities v. Windsor Hall Rest Home, 232 Conn. 181, 187
(1995). The Superior Court is without jurisdiction to entertain an administrative appeal filed beyond the forty-five days, no matter what the circumstances.
The court is unable to concur jurisdiction on itself concerning an appeal of an administrative agency decision. There is no basis for a consideration of prejudice. GlastonburyVoluntary Ambulance Assn., Inc. v. Freedom of InformationCommission, supra, 227 Conn. 856. The plaintiff's pro se litigant status does not allow for a lesser standard of compliance for jurisdictional rules. Lemoine v. McCann, 40 Conn. App. 460, 465, cert. denied, 237 Conn. 904 (1996); Basilicato v. Department ofPublic Utility Control, supra, at 197 Conn. 329.
The motion to dismiss is granted. The appeal is dismissed.
Robert F. McWeeny, J.