[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 358
The defendant City's motion to dismiss this appeal from a tax review board's refusal to reduce a real property assessment is centered around the failure of the plaintiff's counsel to specifically indicate he took the acknowledgement of the principal and surety on the bond and recognizance as a commissioner of the Superior Court and that as such commissioner he was signing both the recognizance and citation as the authority taking the acknowledgement and issuing the writ. Because the court finds neither of these omissions fatally defective, the motion to dismiss is denied.
By application dated July 23, 1992, the plaintiffs, Peter DiPietro, Ann DiPietro and Thomas DiPietro, appealed from the action of the defendant, Board of Tax Review of the City of Milford (hereinafter "the Board"), claiming that the Board's assessment of certain real property owned by them was improper.
On September 24, 1992, the defendant Board filed a motion to dismiss the plaintiffs' complaint on the ground that the plaintiffs' citation and recognizance is defective in that the plaintiffs' attorney did not sign it in his capacity as a commissioner of the Superior Court as required by 12-118 of the General Statutes. The defendant attached a memorandum of law in support of its motion to dismiss and the plaintiffs timely filed their memorandum of law in opposition on October 21, 1992.
On October 13, 1992, the plaintiffs filed a request for leave to amend their citation and recognizance. Attached to the request is an amended citation and recognizance in which the plaintiffs' attorney signed the citation and recognizance in his capacity as commissioner of the Superior Court. Also, on October 13, 1992, the defendant filed an objection to the plaintiffs' request for leave to amend their citation and recognizance.
The motion to dismiss has replaced the plea in abatement as the proper method for testing the court's jurisdiction. UPson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). The motion to dismiss is governed by Practice Book 142 through 146. Practice Book 143 provides in pertinent part that:
 [t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of CT Page 359 jurisdiction over the person, . . . (4) insufficiency of process, and (5) insufficiency of service of process.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
Plaintiffs' complaint is predicated on 12-118 of the General Statutes.[1] Jurisdiction of this court to hear this appeal derives from strict compliance with 12-118 of the General Statutes. The right to appeal administrative decisions is created by statute. Farricelli v. Personnel Appeal Board, 186 Conn. 198, 201,440 A.2d 286 (1982). In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988); Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356,514 A.2d 749 (1986). The provisions in the pertinent statute are therefore mandatory and jurisdictional and failure to comply with them subjects the appeal to dismissal. Simko v. Zoning Board of Appeals, supra. However, "[i]t is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects." Hartford National Bank Trust Co. V. Tucker, 178 Conn. 472,479, 423 A.2d 141 (1979). It is just that kind of over strict and strained interpretation that the defendant City urges upon the court. In its motion to dismiss, the defendant argues that the plaintiffs' citation and recognizance is defective because the plaintiffs' attorney failed to sign it as a commissioner of the Superior Court. An analysis of the plaintiff's citation demonstrates that the applicant, Peter DiPietro, signed as principal, Thomas B. Lynch signed as surety, and George F. Martelon, Jr., the plaintiffs' attorney, signed after taking the principal and surety's acknowledgement. The defendant argues that Practice Book Form 204.4, the applicable form for this action, requires that the plaintiffs' attorney sign the citation as a commissioner of the Superior Court. The defendant cites authority for the rule that the failure to supply a citation is the basis for granting a motion to dismiss. The defendant contends that the plaintiffs' attorney signed as an acknowledger not as a commissioner of the Superior Court authorized to sign a summons or citation and that fatal defect requires dismissal. The plaintiff argues in its opposition to the defendant's motion to dismiss that the error is merely circumstantial and amendable and therefore the CT Page 360 defendant's motion to dismiss should be denied.
The plaintiffs' citation, bond and recognizance are not fatally defective. Plaintiffs' failure to indicate the title of the officer taking the acknowledgement of the recognizance below the officer's signature or within the acknowledgement itself and to specifically state that the officer was signing the unitary recognizance and citation as both the officer taking the acknowledgement and summoning the defendant is circumstantial and therefore amendable.
Section 52-123 of the General Statutes states that
 [n]o writ, pleading, judgment or any kind of proceeding in the court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court. . . .
Section 52-128 provides that
 [t]he plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same.
In Crossroads Development, Inc. v. Planning and Zoning Commission, 210 Conn. 1, 2, 553 A.2d 609 (1989), the defendant filed a motion to dismiss the plaintiff's appeal because the copies of the complaint and other documents served on the commission and the town pursuant to 8-28 of the General Statutes were unsigned, whereas the original appeal bond, summons and complaint filed in court were signed. The court concluded that the requirements of8-28 of the General Statutes were construed too narrowly and that service of unsigned copies of the appeal papers was sufficient process. Crossroads Development, Inc., supra, 2.
The cases cited by the defendant City in support of its motion to dismiss are all cases in which there was no citation. Defendants' cases are distinguishable from the case at hand because in this case there is a citation, bond and recognizance. There is CT Page 361 a difference between having a purportedly defective citation, bond and recognizance and having no citation or no bond or recognizance.
The plaintiffs' attorney did in fact sign the citation and recognizance. Although he signed it under the acknowledgement in a combined citation and recognizance, the court takes judicial notice that he was a commissioner of the Superior Court then and now and no less of a commissioner of the Superior Court, even though the words "commissioner of the Superior Court" did not appear under the signature line of the acknowledgement and citation he signed. He had authority under our laws to sign both.
This court is mindful of the rule as set forth in Johnson v. Zoning Board of Appeals, 166 Conn. 102, 111, 347 A.2d 53 (1974), that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Id., 412. A court should not, by straining statutory interpretation, "deny a litigant the pursuit of its complaint for mere circumstantial defects." Hartford National Bank Trust Co., supra, 479.
The filing of a bond or recognizance in a case like this is sometimes more a ritualistic requirement of law than of practical benefit. This is so because the statute requiring the bond gives no guidance as to the amount of it and the court takes notice that typically the amount is very modest. Section 12-118 of the General Statutes requires only that "[t]he authority issuing the citation shall take from the applicant a bond or recognizance . . . to such city, with surety, to prosecute the action to effect and to comply with and conform to the orders and decrees of the court in the premises." This statutory requirement is in the alternative. It requires either a bond or recognizance but not both.
Confusion has been caused by interchangeable use of the terms "bond" and "recognizance", but certain distinct essential attributes exist in one and not the other. Some discussion of the distinction between the two is necessary because the differences are material as they relate to the defendant's dismissal claims concerning the acknowledgement.
A bond is an obligation in writing under seal which binds a principal as obligor to pay a sum certain to an obligee upon the happening of an event or condition. If a bond with surety is CT Page 362 required, a person, firm or a corporation, acting as a surety on the bond, engages in writing to be answerable for the performance of the principal on the bond.
A recognizance is "an oral acknowledgement of obligation before a duly qualified officer to be entered of record. The recognizance may be taken by an attorney in his capacity as a commissioner of the Superior Court." Connecticut Civil Procedure (2d ed.), Edward L. Stephenson, Tait, Daly, Adomeit (1975) 79, p. 333.
A recognizance need not be in writing, although the recording of it must be memorialized in writing by the officer taking it, so that a beneficiary seeking redress on it is not left to the living memory of the official who acknowledged it. But if surety is required for the recognizance, since such a recognizance binds such a surety to answer for the debt, default or miscarriage of another, as a practical matter, it may be written to satisfy the statute of frauds. A recognizance must be orally acknowledged as the free act and deed of each obligor, but a bond need not be so acknowledged because the writing itself sets forth the obligation of both principal and surety.
Therefore, insofar as the defendant argues that the authority taking the bond had to sign the bond and specify he was a commissioner of the Superior Court, the court rejects that contention. Neither the nature of a bond nor the provisions of General Statutes 12-188 require a signature of a commissioner of the Superior Court.
What was supplied was both recognizance and bond. While a proper officer must take the acknowledgement of the person to be bound on a recognizance, this is not required of a bond. The written bond agreement itself sets out the acknowledgement of the conditional obligation of both principal and surety, and thus eliminates the need which exists with an oral recognizance for an officer to ask those bound if they undertake the obligation to pay a monetary sum on condition, and if they make such undertaking as their free act and deed. A bond would suffice to meet one of the two alternative requirements of 12-118 of the General Statutes. Neither 12-118 nor common law requires such a bond to have an acknowledgement at all, much less one prepared and executed with the nicety that the defendant demands.
For all of the above reasons, the defendant's motion to CT Page 363 dismiss is denied. That having been denied, the plaintiffs' request to amend their citation, bond and recognizance is granted, since the circumstance involved seems to this court to be appropriate for such under 52-123. To identify the signing authority as a commissioner of the Superior Court, the court orders that title to appear in each place where Mr. Martelon's name appears as a signator on the process as amended.
Flynn, J.