[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 104)
The pro se plaintiff, Robert Henry, initially commenced this action as a small claims matter. Named as defendants are Dan Perkins Subaru, Inc., an automobile dealership, and Danzil Perkins. The plaintiff alleges that the defendants committed fraud and breached a contract in connection with the sale and the repair of a used automobile which the plaintiff allegedly purchased from the defendants.
On March 8, 1994, the small claims court granted the defendants' motion to transfer, and the action was transferred from the small claims docket to the regular civil docket of the Superior Court. Notice of the transfer was sent to the plaintiff on or about May 20, 1994.
On August 25, 1994, the defendants filed a motion to dismiss the action (docket entry 104) on the ground that the plaintiff has failed to provide a recognizance for costs as required by Practice Book § 52. The plaintiff has not filed anything in opposition to CT Page 9354 the motion.
A motion to dismiss for failure to provide a proper recognizance raises the ground of insufficiency of process pursuant to Practice Book § 143(4). Such a motion to dismiss must be filed within thirty days of the filing of an appearance by the defendants. Practice Book § 142. "Any claim of . . . insufficiency of process . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142." Practice Book § 144.
In the present case, the defendants filed an appearance in the small claims action on February 10, 1994. The defendants' motion to dismiss was filed on August 25, 1994, more than six months after the date that the defendants filed their appearance. Thus, it is clear that the defendants' motion to dismiss should be denied on the ground that it is untimely.
It is further noted that the plaintiff's failure to provide a recognizance does not automatically deprive the court of jurisdiction. The curt should note that when the plaintiff originally commenced the action in small claims court, the plaintiff did so by filing a "small claim and notice of suit" (form JD-CV-40). This form, unlike the regular civil summons (form JD-CV-1), does not provide for a recognizance. Thus, the plaintiff's failure to provide a recognizance constitutes a procedural defect that is curable by amendment. See DiPietro v.Milford Board of Tax Review, 8 CSCR 227 (January 22, 1993, Flynn, J.); Wilson v. Town of West Hartford, 2 Conn. L. Rptr. 663
(November 1, 1990, Maloney, J.).
Furthermore, Practice Book § 53 provides in pertinent part that "[i]f the court, upon the hearing of the motion to dismiss, directs the plaintiff to file a bond to prosecute in an amount deemed sufficient by the court, the action shall be dismissed unless the plaintiff complies with the court order within two weeks of such order. . . ." Accordingly, it is the order of the court that the plaintiff file a proper recognizance within two weeks from the date of this decision on the present motion to dismiss.
Upon the filing of a proper recognizance in the amount of $100, the motion to dismiss will be denied.
WILLIAM J. McGRATH, JUDGE CT Page 9355