[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (No. 101)
By application filed on June 30, 1994, the plaintiff, Virginia Chase, appealed from the action of the defendant, Board CT Page 9881 of Tax Review of the Town of Fairfield (Board), claiming that the Board's assessment of real property owned by the plaintiff was improper.
On August 18, 1994, the defendant filed a motion to dismiss the plaintiff's action and a supporting memorandum of law. The defendant moves to dismiss on the ground of insufficiency of process. The defendant argues that process was defective in that the plaintiff failed to provide a proper recognizance with a third party surety to guarantee the obligation for costs, as required by General Statutes § 12-117a. The defendant argues that because process was defective, the court lacks subject matter jurisdiction over the plaintiff's administrative appeal.
On August 29, 1994, the plaintiff filed an amended recognizance which names the plaintiff as principal and Daniel Chase as surety. The plaintiff filed a memorandum in opposition on September 6, 1994.
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). Subject matter jurisdiction under Practice Book § 143(1) refers to the court's "power . . . to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Henry F. Raab Connecticut, Inc. v. J.W. FisherCo., 183 Conn. 108, 111-12, 438 A.2d 834 (1981). The ground of lack of subject matter jurisdiction may be raised by any of the parties, or by the court sua sponte, at any time. Daly v.Hartford, 215 Conn. 14, 27-28, 574 A.2d 194 (1990).
General Statutes § 12-117a provides in pertinent part that "[t]he authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application. . . ." The right to appeal administrative decisions is created by statute. Farricelli v.Personnel Appeal Board, 186 Conn. 198, 200-01, 440 A.2d 286
(1982). In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that CT Page 9882 right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988).
Nevertheless, it is clear that the plaintiff's process in the present case is not fatally defective. It is noted that a procedural defect in the recognizance is curable by amendment. See DiPietro v. Milford Board of Tax Review, 8 CSCR 227 (January 22, 1993, Flynn, J.); Wilson v. Town of West Hartford,2 Conn. L. Rptr. 663 (November 1, 1990, Maloney, J.); Mieczakowski v. Cityof Shelton, Docket No. 033014, Superior Court, Judicial District of Ansonia/Milford at Milford (October 24, 1990, Fuller, J.). See also Sheehan v. Zoning Commission, 173 Conn. 408, 410-11,378 A.2d 519 (1977) (failure to provide a proper bond or recognizance as required by General Statutes § 8-8 is a curable defect which does not deprive the court of subject matter jurisdiction);Corden v. Zoning Board of Appeals, 131 Conn. 654, 657-58,41 A.2d 912 (1945) (failure to file a bond as required by General Statutes § 8-8 is a curable defect that did not deprive the court of subject matter jurisdiction).
The plaintiff filed an amended recognizance on August 29, 1994. While this amendment was not filed within thirty days of the return date (in this case July 12, 1994), General Statutes § 52-128 provides that "[t]he plaintiff may amend any defect . . . at any time [after thirty days after the return day has passed] on the payment of costs at the discretion of the court. . . ."
Thus, it is clear that the court should deny the defendant's motion to dismiss and should allow the plaintiff's amended recognizance to stand as filed on August 29, 1994.
The motion to dismiss is denied.
WILLIAM J. McGRATH, JUDGE